BARNEY v. SCHMEIDER.

1. It is not sufficient to sustain a verdict for the plaintiff, that the testimony on which it was founded was known to the court by whom the jury was charged to find such a verdict. The evidence must be submitted to the jury, or the charge is erroneous.
2. The question, whether certain imported goods were similar to certain other goods described in the revenue law, for the purposes of customs duties, is a mixed question of law and fact, and cannot, by the mere charge of the court, be wholly withdrawn from the jury.

----

\* 15 Stat. at Large, 75.

3. The proper mode of proving papers on file, in any of the departments or public offices of the government, is by procuring certified copies from those persons who have them in custody. The counsel for the government cannot be compelled to produce either such copies or the originals for the benefit of parties who may be litigating with the government.

4. Notice, therefore, to the party or counsel representing the government to produce such papers, does not authorize the party giving the notice to use other copies than those properly certified as above stated.

ERROR to the Circuit Court for the Southern District of New York, the case being thus:

Schmeider sued Barney, collector for the port of New York, in the court below, in an action of assumpsit with the common counts only, to which Barney pleaded the general issue. The plaintiff's claim was for duties on certain woven goods alleged to have been unlawfully collected of him by the defendant as collector of the port of New York, and which had been paid under protest. The act under which the goods were rated for duties, provided that on all delaines, cashmere delaines, muslin delaines, barege delaines, comprised wholly or in part of worsted, wool, mohair, or goat's hair, and *on all goods of similar description*, not exceeding fifty cents in value per square yard, two cents per square yard shall be paid. And the point in dispute was whether the goods of plaintiffs, on which the two cents per yard had been assessed, were goods of a similar description to those above mentioned, within the meaning of the act. A jury was called and sworn, and directed by the court to find a verdict for the plaintiffs, which was done, and judgment rendered for the amount claimed.

A paper was found in the record under the caption of " Case and Exceptions," signed and sealed by the judge who presided at the trial. This paper set forth some things which were said to be *shown* by the evidence, some things which *appeared* in evidence, and a large part of it was the evidence itself. There was also the full charge of the court, the prayer for instructions on the part of the defendant, which were refused, and the exceptions of the defendant.

Among other matters found in the bill of exceptions was this statement in the charge of the court to the jury :

" The testimony taken on a former trial has, with the consent of both sides, and with the approbation of the court, been put in. It is very voluminous. It has not been read before this jury, nor was it necessary that it should be, for it was delivered in the hearing of the court only a few days since, and is fresh in its recollection. There is very little discrepancy in the testimony."

The court then proceeded to tell the jury what this evidence showed that was material to the issue, and to make a very able argument on the law of the case, and directed the jury to find for the plaintiff, or rather said, " the verdict ought to be for plaintiffs." To this part of the charge the defendant excepted specially.

In the course of the trial the plaintiff, having given the defendant due notice to produce at the trial the original appeals made by him to the Secretary of the Treasury, was permitted to use copies proved by witnesses who mailed the originals, because defendant did not produce the originals. This was also excepted to. The questions now here were these :

1. Whether it was error in the court below, under the circumstances described, to tell the jury that their verdict ought to be for the plaintiff.

2. Whether it was error to allow the plaintiff to use the copies proved by the witnesses who mailed the originals.

3. Whether, on a right construction of the tariff act already quoted, the expression, " goods of a similar description," was confined to one ascertained species of goods, or was applicable to others in addition ; this last question, however, not being necessary to be passed on, if either of the others were decided in the affirmative.

*Mr. Hoar, Attorney-General, and Mr. Field, Assistant Attorney-General, for the United States.  Mr. Evarts, contra.*

Mr. Justice MILLER delivered the opinion of the court.

The seventh amendment of the Constitution declares, that in suits at law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.

This right may be waived by the party. The act of March 3d, 1865,* provides a mode by which the parties to a suit may submit the matter proper for a jury to the court; and the case of *Norris* v. *Jackson,* decided a few days ago,† gives the mode of proceeding under that statute, and explains what may be received in such cases, and how the matter proper for review may be brought before this court.

If, then, the parties in the present case had been willing to waive a jury and permit the court to find both the law and the facts, there was no difficulty in doing this, and in presenting the law to this court for review. For it is never to be forgotten that, in common law cases, it is the ruling of the inferior court on *the law alone* which *this* court is authorized to review. The common law admitted of no re-examination of the facts found by a jury, except by granting a new trial in the same court in which the verdict was rendered, and the constitutional amendment just referred to, forbids any other mode of re-examination than that which accords with the rules of common law.

As the defendant in this case did not waive his right to have the facts tried by a jury, it was the duty of the court to submit such facts to the jury that was sworn to try them.

It is needless to say that this was not done. The statement is clear that the case was decided upon the testimony taken on a former trial, and not read before this jury, because the court had heard it in the first case, and did not deem it necessary to be heard by the jury in this case.

It is possible to have a jury trial in which the plaintiff, having failed to offer any evidence at all, or any competent evidence, the jury finds for the defendant for that very reason. And in such case it is strictly correct, if the plaintiff does not take a non-suit, for the court to instruct the jury to

---

* 13 Stat. at Large, 501.    † *Supra,* 125.

find for the defendant.  But we have never before heard of a case in which the jury were permitted, much less instructed, to find a verdict for the plaintiff on evidence of which they knew nothing except what is detailed to them in the charge of the court.  It is obvious that if such a verdict can be supported here, when the very act of the court in doing this is excepted to and relied on as error, the trial by jury may be preserved in name, but will be destroyed in its essential value, and become nothing but the machinery through which the court exercises the functions of a jury without its responsibility.

It is insisted with much ingenuity that in this case there was no disputed fact for the jury to pass upon, and that the only issue in the case being one of law, it was proper for the court to dispose of it.  If this were so, the instruction of the court might be sustained, provided the undisputed facts necessary to sustain the verdict had been submitted to the jury.  But let us see if this assumption is supported by the record.  The form of the pleadings shows nothing and admits nothing.  The plaintiff then must make a case by evidence to the jury.  Looking into the case stated and as though it *had* been read to the jury, we find that plaintiff's claim is for duties on certain goods unlawfully collected of him by defendant as collector of the port of New York. The act under which the goods were rated for duties provides that on all delaines, cashmere delaines, muslin delaines, barege delaines, comprised wholly or in part of worsted, wool, mohair, or goat's hair, and *on all goods of similar description*, not exceeding fifty cents in value per square yard, two cents per square yard shall be paid.  And the point in dispute was whether the goods of plaintiffs, on which the two cents per yard had been assessed, were goods of a similar description to those above mentioned, within the meaning of the act.  Now it is clear that this question alone is one of mixed law and fact, because until we are informed by testimony as to the nature and character of plaintiff's goods, no construction or view of the law can be applied to them. The court can only know by evidence what kind of goods

were assessed by the collector, and this at once dispels the idea that the case could in any sense present an abstract question of law. But before the court or the jury could get to these questions there were several others, purely matters of fact, to be decided. The rate at which the goods were actually assessed, the payment of the duties as thus assessed, the protest at the time of payment, and the appeal to the Secretary of the Treasury, were all essential to the plaintiff's recovery and necessary to be found to the satisfaction of the jury. The judge also tells us that "there is very little discrepancy in the testimony." But where there is any discrepancy, however slight, the court must submit the matter to which it relates to the jury, because it is their province to weigh and balance the testimony and not the court's. The proposition is not, therefore, sustained, that nothing but a question of law was to be decided.

There is another error, however, which, although unimportant in this case, may arise very often in the numerous suits to recover back taxes paid under protest in the customs and in the internal revenue departments.

The plaintiffs having given the defendant due notice to produce at the trial the original appeals made by them to the Secretary of the Treasury, were permitted to use copies proved by witnesses who mailed the originals, because defendant did not produce the originals. This was excepted to and was error, and it would be equally error if the United States had been the nominal, as it was the real, defendant in the suit. The papers showing this appeal, when filed with the secretary, became part of the records and archives of his office, and the law is well settled that in such case the originals need not be produced in any trial, but that copies of them, certified by the officer in whose charge they properly are, may be used with the same effect as the originals. If the government needs these copies she produces them when she proposes to use them. If any one else wants to use them the law provides the means by which such copies can be produced. They are the best attainable evidence, and must be produced, unless some sufficient reason is shown for not doing

so. The government is not bound to furnish either the originals or certified copies to suitors with whom it is contending, unless upon demand at the proper office, and tender of the lawful fees.

For this and for the other errors mentioned the judgment must be

REVERSED, AND A VENIRE FACIAS DE NOVO IS ORDERED.