INHABITANTS OF FALMOUTH *vs.* INHABITANTS OF WINDHAM.

*Evidence. Exceptions. New trial. Practice.*

Where the testimony is conflicting and that claimed to be newly discovered might have been ascertained before, by the use of reasonable diligence, a new trial will not be granted.

Though, according to the practice in this State, the cross-examination of a witness is not confined to matters inquired of in the direct examination, exceptions will not be sustained to a ruling thus limiting it, if it be evident that the excepting party was not prejudiced thereby.

ON EXCEPTIONS AND MOTIONS FOR A NEW TRIAL.

This action was to recover for the support of a pauper alleged to be chargeable to the defendant town. The main issue was whether or not Alexander Pride, the father of Joshua T. Pride, the pauper's husband,—her settlement being derivative—had resided in Windham the five years next preceding the time when Joshua became twenty-one years old; this issue turning upon the controverted question of the date of Joshua's birth. The verdict was for the plaintiffs and the defence moved to set it aside as against the weight of the evidence, claiming that Alexander Pride was contradicted by other witnesses, and discredited by his inconsistent statements of dates and occurrences. A motion was after-

Falmouth *v.* Windham.

ward filed to set aside the verdict on account of newly discovered evidence.

The plaintiffs called Wm. H. Varney, one of the selectmen of Windham, to the stand and proved by him that his town took the pauper from the Portland alms house in May, 1871, in response to a notice to remove her. Upon cross-examination, he was asked if he then gave notice to Westbrook (her true settlement being uncertain) and replied in the negative, and was then asked when he did give notice. The plaintiffs objected and the court excluded the question, upon the ground that the defence on cross-examination were confined to the subject matter of the direct examination. The defendants excepted.

*Howard & Cleaves* and *Cobb & Ray,* for the defendants.

*Strout & Holmes,* for the plaintiffs.

RESCRIPT.

The testimony is conflicting. The result depends upon the credibility of the witnesses, and there is no decided balance of testimony either way. In such cases, a motion for a new trial because the verdict is against the weight of testimony will be overruled.

As to the motion on the ground of newly discovered testimony, it is quite apparent that this testimony, so far as it is material, might have been discovered before the trial by the use of ordinary diligence. For that reason this motion must be overruled.

The exceptions to the ruling excluding the question put to the plaintiffs' witness, Varney, cannot be sustained. It is true that the ground on which it was made is not in accordance with the rule heretofore adopted and practiced upon in this State. But the case does not show that the defendants were prejudiced by the ruling, so far as it is erroneous, but the reverse. The witness afterward testified in full for the defendants, and it does not appear that they had any occasion to avail themselves in the examination, or otherwise, of any of the privileges usually accorded to a party in regard to an opponent's witness.

*Motions and exceptions overruled.*