### In re David FLEMING.

Supreme Judicial Court of Maine.

Argued June 16, 1981.

Decided July 3, 1981.

Paine & Lynch, Martha J. Harris, Stern & Goldsmith, Marshall Stern, Jerome Goldsmith, Bangor, for appellant.

James S. Erwin, Wayne S. Moss, Asst. Attys. Gen., Augusta, for defendant.

Before McKUSICK, C. J., and WER-NICK, GODFREY and CARTER, JJ.

WERNICK, Justice.

David Fleming appeals from the judgment of the Superior Court (Penobscot County) denying his Petition for Release from a mental health hold at the Bangor Mental Health Institute. Mr. Fleming's Petition for Release was filed pursuant to 15 M.R.S.A. § 104–A, which states in relevant part that if following a hearing

"the court finds that the person may be released or discharged. without likelihood that he will cause injury to himself or to others due to mental disease or mental defect",

the court shall order the release of the petitioner. Such release may be subject to conditions imposed by the court. 15 M.R.S.A. § 104–A(1)(A–B).

Petitioner was committed to the Bangor Mental Health Institute in 1974, in accordance with 15 M.R.S.A. § 103, following his acquittal of murder, by reason of mental disease or defect, in relation to the deaths of his girlfriend and son. Petitioner has been held at the Bangor Mental Health Institute since the commitment in 1974.[1]

As required by 15 M.R.S.A. § 104–A, a hearing on the Petition for Release was held in Superior Court. Petitioner was represented by counsel and presented the testimony of psychiatrists Dr. Ulrich Jacobsohn and Dr. David Anderson. Dr. Jacobsohn had examined petitioner prior to his murder trial and testified at trial that petitioner suffered from paranoid schizophrenia at the time of the killings. Since 1974, Dr. Jacobsohn has participated in several extended evaluations of petitioner. Dr. Anderson has been the psychiatrist responsible for petitioner's primary care since petitioner's admission to the Bangor Mental Health Institute. Both Dr. Jacobsohn and Dr. Anderson are now in agreement that, despite the earlier contrary diagnosis of process or par-

---

1. Approximately a year and a half ago, petitioner was convicted of escape and sentenced to five years in the Maine State Prison. The trial justice ordered service of this sentence to commence upon petitioner's discharge from the mental health hold.

anoid schizophrenia, petitioner was suffering from an acute psychotic episode at the time of the homicides. Applying a medical "rule of thumb", the doctors have concluded that because petitioner has experienced no recurrence of these episodes in the last five years, the original episode was not part of a process disease. Consequently, the doctors testified that petitioner is now free of mental disease or defect. This testimony by Drs. Jacobsohn and Anderson was uncontradicted.

The Superior Court justice denied the Petition for Release, holding that petitioner had failed to prove beyond a reasonable doubt that he is now free from mental disease or defect. Petitioner contends that the evidence of record proved *as a matter of law* that he met his burden of proof [2]—i. e., that no rational person, acting rationally, could entertain a doubt that was reasonable as to petitioner's being free of mental disease or defect.

We disagree and therefore deny the appeal and affirm the judgment.

■ Even if the psychiatric testimony introduced by petitioner was undisputed, the presiding justice as fact-finder had the prerogative selectively to accept or reject it, in terms of the credibility of the witnesses or the internal cogency of the content. Alternatively, the presiding justice was entitled to conclude that the medical standard utilized by the psychiatrists does not coincide with the legal standard set forth in the statute.

Here, even though the presiding justice did not take issue with the *medical* "rule of thumb" Dr. Jacobsohn and Dr. Anderson each used as the basis for concluding that petitioner was free of mental disease or defect, the presiding justice nevertheless stated expressly:

> "I don't think that it is an adequate time as a standard *for the law under this particular statute.* The Legislature has seen clearly fit to put the highest degree of burden on a petitioner in this particu-

lar sort of case. *I don't think that a five year interval satisfies the burden of the statute.* Now, it is not my place, nor is it sensible or reasonable for me to predict or make some abstract pronouncement of what is a reasonable time, so that is not done. The petitioner has shown strong evidence, but I don't think it is proof to a standard of beyond a reasonable doubt." (emphasis added)

The operative statute requires the presiding justice to conduct an independent inquiry to determine whether a petitioner is free of mental disease or defect. The statute nowhere suggests that the presiding justice is required to accept medical conclusions concerning mental disease or defect as *determinative* of the question whether the statutory standard has been satisfied.

Moreover, despite Dr. Jacobsohn's ultimate conclusion that petitioner is now free of mental disease or defect, the doctor, in explaining the details of his evaluation of petitioner, testified that he considered petitioner's recovery to be "superficial", more particularly because petitioner

> "has little understanding as to why this [the previous psychotic episode] occurred. . . . He doesn't have a good working knowledge of the exact nature of the illness and why it occurred the way it did."

Dr. Jacobsohn added that even if petitioner had not yet "decompensated" under stresses related to his confinement, it was impossible to "predict the future."

■ On all of the evidence, then, and giving due consideration to the prerogatives of the presiding justice as fact-finder, we cannot say that the justice acted irrationally in failing to be satisfied beyond a reasonable doubt that petitioner

> "may be released or discharged without likelihood that he will cause injury to himself or to others due to mental disease or defect."

**2.** *State of Maine v. Shackford,* Me., 262 A.2d 359 (1970) established that a petitioner must prove his freedom from mental disease or de- fect beyond a reasonable doubt. This standard is not at issue in this appeal.

The entry shall be:

Appeal denied; judgment affirmed.

All concurring.