COLONY CADILLAC &
OLDSMOBILE, INC.

v.

Frederick YERDON.

Supreme Judicial Court of Maine.
Argued Jan. 22, 1986.
Decided Feb. 24, 1986.

Frederick Williams, (orally), North Windham, for plaintiff.

Ralph W. Brown, Portland, Francis M. Jackson, (orally), Westbrook, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

The defendant, Frederick Yerdon, appeals from a judgment of the Superior Court (Cumberland County) affirming the judgment of the District Court (Portland) that Yerdon defaulted on a promissory note payable to the plaintiff, Colony Cadillac & Oldsmobile, Inc. (Colony). Yerdon had counterclaimed alleging breach of contract, breach of warranty, violations of the Used Car Information Act, 10 M.R.S.A. §§ 1471–1477 (1980 & Supp.1985–1986) and the Unfair Trade Practices Act, 5 M.R.S.A. §§ 206–214 (1979 & Supp.1985–1986), and fraud. Among his many claims of error on appeal, Yerdon contends that the trial judge abused his discretion by limiting his cross-examination of John Alberti, Colony's president, so as to preclude impeachment of Alberti's credibility on an issue central to Yerdon's defense and to his counterclaim. Because we agree that the scope of the cross-examination was impermissibly limited, we vacate the judgment.

The dispute arose from Colony's sale in March, 1982, of a 1974 Chevrolet Caprice to Yerdon, for which he executed a promissory note payable to Colony in monthly installments. It is undisputed that the car bore a current state inspection sticker at the time of the sales transaction. In October, 1982, Yerdon discovered that the car had a badly rusted trunk and would not pass inspection. He stopped payments on the promissory note at that time.

One of the key issues at trial was whether the car in fact met State inspection standards at the time of Yerdon's purchase.[1] Alberti testified that all of the used cars for sale at Colony, including the one sold to Yerdon, were inspected, bore valid State inspection stickers, and met State inspection standards. However, when counsel for Yerdon attempted to cross-examine Alberti as to whether Colony had ever received complaints regarding its sale of used cars, the presiding judge sustained an objection to that line of questioning. When the judge continued to exclude any testimony about such complaints, the defendant made an offer of proof focusing upon the Assurance of Discontinuance made by Colony to the Attorney General of Maine. Colony had stated therein that it would discontinue selling used motor vehicles without an up-to-date inspection sticker, and those that could not pass state inspection standards. Despite the offer of proof showing the relevancy of the proffered evidence, the judge reaffirmed his

---

1. The Used Car Information Act, 10 M.R.S.A. § 1474(1) then in effect provided:

   A dealer warrants that the motor vehicle he sells, negotiates the sale of, offers for sale or transfers to a person has been inspected in accordance with Title 29, section 2122 and with the rules and regulations promulgated thereunder and that the motor vehicle is in the condition and meets the standards required by that statute and the rules and regulations.

prior ruling and continued to limit Yerdon's examination of Alberti.

Rule 611 of the Maine Rules of Evidence provides a "wide-open rule permitting cross-examination on any issue in the case, subject to a discretionary right to limit it in the interests of justice." Field & Murray, *Maine Evidence* § 611.2, at 154 (1976) (footnote omitted) (hereinafter Field & Murray at ———).[2] The trial court is vested with significant discretion in determining the scope of cross-examination. *Depositors Trust Co. v. Blanchard*, 377 A.2d 101, 104 (Me.1977). The trial judge's exercise of discretion will be upheld on appeal unless he has "clearly interfered with a party's right to a fair trial." Field & Murray at § 611.1, at 153; *cf. Inhabitants of Falmouth v. Inhabitants of Windham*, 63 Me. 44 (1873) (limitation of cross-examination not reversible error absent prejudice).

We conclude that it was not in the interests of justice to limit the cross-examination here of the plaintiff's key witness so as to preclude impeachment of his credibility. One of the main functions of cross-examination is to "afford an opportunity to elicit answers which will impeach the veracity ... and consistency of the witness." *McCormick on Evidence*, § 22, at 54 (3d ed. 1984). If the trial judge interferes with the cross-examination by untimely interruption, as was the case here, "his impatience is likely to obscure the truth rather than help to ascertain it." Field & Murray, § 611.1, at 153.

Since the cross-examination precluded here by the judge's interruption would have directly controverted critical statements made by Alberti during direct examination concerning the sale of uninspected motor vehicles, it was an abuse of discretion for the judge to limit the scope of cross-examination. We accordingly vacate the judgment.

We are confident that the other errors raised by the defendant on appeal will not re-occur on retrial and therefore need not address them.

The entry is:

Judgment vacated. Remanded with instructions to vacate the judgment of the District Court and remand to the District Court for further proceedings consistent with the opinion herein.

All concurring.

---

2. The pertinent parts of Rule 611 provide:

 **(a) Control by Court.** The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence on direct and cross-examination so as to (1) make the interrogation and presentation effective for the ascertainment of truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

 **(b) Scope of Cross-Examination.** A witness may be cross-examined on any matter relevant to any issue in the case, including credibility. In the interests of justice, the court may limit cross-examination with respect to matters not testified to on direct examination.