1997 ME 12

**Rita LEWIS, et al.**

v.

**Daniel KNOWLTON.**

Supreme Judicial Court of Maine.

Argued Dec. 2, 1996.

Decided Jan. 23, 1997.

Paul F. Macri (orally), John E. Sedgewick, Berman & Simmons, P.A., Lewiston, for plaintiffs.

J. Peter Thompson (orally), Philip K. Hargesheimer, Platz & Thompson, P.A., Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

[¶ 1] Defendant Daniel Knowlton appeals from a judgment entered in the Superior

Court (Androscoggin, *Delahanty, J.*) granting plaintiffs' motion for judgment as a matter of law and setting aside a jury verdict for defendant pursuant to M.R.Civ.P. 50(b). On appeal, defendant contends that the court erred in ruling that his conduct constituted negligence as a matter of law. We agree. Accordingly, we vacate the judgment and remand with instructions to enter judgment on the jury verdict.

[¶ 2] Plaintiffs Rita and Philip Lewis, husband and wife, filed a complaint against defendant seeking recovery for personal injuries sustained by Rita Lewis in an automobile accident involving three vehicles. After agreeing on the value of plaintiffs' damages, the parties tried the issue of liability to a jury. Testimony was received from the drivers of the three vehicles; Rita Lewis, defendant, and Tammy Theberge.

[¶ 3] The evidence presented to the jury may be summarized as follows. The accident occurred at approximately 3:30 p.m. on a clear, dry day at the intersection of Sabattus Street and Highland Spring Road in Lewiston. There was no traffic light at the intersection. Sabattus Street is a four lane street with a 30 m.p.h. speed limit in the vicinity of the accident. Plaintiff had stopped her vehicle on Sabattus Street to wait for oncoming traffic to clear as she prepared to make a left hand turn onto Highland Spring Road. Tammy Theberge had stopped her vehicle behind plaintiff's vehicle. The Theberge vehicle was pushed into plaintiff's vehicle when it was struck from behind by defendant's van.

[¶ 4] Defendant testified that he was traveling at 30 to 35 miles per hour through heavy traffic, and was maintaining a distance of fifty to sixty feet behind the vehicles in front of him just prior to the accident. He was distracted for one or two seconds by a bright yellow van that appeared in his side view mirror. The yellow van appeared to be approaching at a fast speed, and as it sped by, defendant noticed that the driver had a "sandwich kind of stuffed in his mouth." When defendant brought his attention back to the road, he realized that the vehicles in front of him were braking. He immediately applied his brakes and skidded to a stop

striking the Theberge vehicle. Defendant testified that, at first, he thought he would avoid the collision, and that he was almost at a stop when the collision occurred. He also testified that, but for the one or two second distraction, he would have avoided the collision.

[¶ 5] The court denied plaintiffs' motion for judgment as a matter of law at the close of plaintiffs' case. The jury returned a verdict in favor of defendant. The court then granted plaintiffs' renewed motion for judgment as a matter of law pursuant to M.R.Civ.P. 50(b), and entered judgment for plaintiffs. Defendant filed this appeal from the court's ruling.

[¶ 6] In reviewing a trial court's disposition of a motion for judgment as a matter of law, we view the evidence together with all justifiable inferences in the light most favorable to the party opposing the motion. The motion should not be granted if "any reasonable view of the evidence could sustain a verdict for the opposing party pursuant to the substantive law that is an essential element of the claim." *Currier v. Toys 'R' Us, Inc.,* 680 A.2d 453, 455 (Me.1996).

[¶ 7] The burden of proof in a negligence action is on the plaintiff. To prevail, a plaintiff must prove that a defendant had a duty to conform to a standard of care and that the breach of that duty proximately caused an injury to the plaintiff. *Sheltra v. Rochefort,* 667 A.2d 868, 870 (Me.1995).

[¶ 8] Based on the evidence presented the jury was not rationally compelled to conclude that plaintiffs had proven a breach of the standard of ordinary care. Although Ms. Theberge presented conflicting evidence regarding defendant's opportunity to stop and the severity of the impact, the jury was entitled to give more weight to defendant's statement, that, but for the brief distraction, he would have avoided the accident. "The jury are the judges of credibility which is not restricted to veracity but relates also to such possible factors as powers and opportunity for observation, recollection and accuracy of observation, etc." *Carver v. Lavigne,* 160 Me. 414, 421, 205 A.2d 159, 163 (1964). The reasonableness of defendant's reaction to the

speeding yellow van was a matter for jury determination.

 [¶ 9]  The court ruled that defendant was negligent as a matter of law because he was "inattentive," violating the rule of the road that "a driver has a duty to see that which is 'open and apparent' to a prudent person." *Poirier v. Hayes,* 466 A.2d 1261, 1264 (Me.1983).  The cited rule, however, is a rule of ordinary care: "failing to see what, in the *exercise of ordinary care,* he should have seen," may constitute negligence as a matter of law.  *Palleria v. Farrin Bros. & Smith,* 153 Me. 423, 440, 140 A.2d 716 (1958) (emphasis added).  It is not a rule of automatic liability or negligence *per se.*  The burden remains with plaintiff to prove that defendant was not exercising ordinary care when he failed to see, or to respond in time to, that which was open and apparent.

 [¶ 10]  Whether a defendant has exercised due care is ordinarily a question of fact for the jury.  *Lewis v. Penney,* 632 A.2d 439, 442 (Me.1993) (citing *Seiders v. Testa,* 464 A.2d 933, 935 (Me.1983), and *Poirier* at 1264 ("the evidence presented a jury issue as to whether defendant could have and should have seen plaintiff in time to avoid collision")).  On this record, the jury could rationally be unpersuaded by a preponderance of the evidence that defendant failed to exercise ordinary care.  The court erred in ruling that defendant was negligent as a matter of law.

The entry is:

Judgment vacated.  Remanded with instructions to enter a judgment for defendant on the jury verdict.