2000 ME 2

**Russell IRISH et al.**

v.

**Gregory GIMBEL.**

Supreme Judicial Court of Maine.

Argued Oct. 5, 1999.

Decided Jan. 6, 2000.

Gerald F. Pettruccelli (orally), Linda C. Russell, Petruccelli & Martin, LLP, Portland, Paul R. Dumas Jr., Joyce, Dumas, David and Hanstein, P.A., Mexico, C. Donald Briggs III, Cloutier & Briggs, P.A., Rockport, for plaintiffs.

Christopher D. Nyhan (orally), Elizabeth A. Olivier, Preti, Flaherty, Beliveau,

Pachios & Haley, LLC, Portland, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] Russell and Laurie Irish, as next friends of Shane Irish, appeal from a judgment entered by the Superior Court (Cumberland County, *Cole, J.*) following a jury verdict adverse to their medical malpractice claim. The jury verdict concluded the second trial in this matter, which occurred on remand pursuant to our opinion in *Irish v. Gimbel,* 1997 ME 50, 691 A.2d 664 (*Irish I* ). In *Irish I,* we had vacated a judgment entered after a jury trial and verdict that was also adverse to the Irishes' claim.

[¶ 2] On appeal, the Irishes contend that:

1. The permitted use of the unanimous adverse finding of the medical malpractice screening panel unconstitutionally interfered with their rights to present the matter to a jury;

2. No reasonable jury could have determined that the Irishes had failed to meet their burden of proof; and

3. The trial judge improperly allowed Gimbel's counsel to use a blow–up of the unanimous panel finding and to comment about it beyond the limits allowed in *Irish I.*

[¶ 3] We affirm.

[¶ 4] The history of the case, except for the second jury verdict adverse to the Irishes, is adequately outlined in *Irish I* and is not repeated here.

[¶ 5] The Irishes contend that the permitted use of the unanimous panel finding before the jury violated their state and federal constitutional rights to a jury trial, to procedural and substantive due process, to equal protection of the law, and resulted in a violation of constitutional separation of powers. Except for one aspect of the separation of powers claim, all of the other constitutional issues raised by the Irishes were litigated and addressed in *Irish I.* They will not again be addressed here. *See Bourgeois v. Great N. Nekoosa Corp.,* 1999 ME 10, ¶ 5, 722 A.2d 369, 371. ("Stare decisis embodies the important social policy of continuity in the law by providing for consistency and uniformity of decisions."); *see also Trask v. Automobile Ins. Co.,* 1999 ME 94, ¶ 9, 736 A.2d 237; *Shaw v. Jendzejec,* 1998 ME 208, ¶¶ 8–9, 717 A.2d 367, 370–71. "We do not disturb a settled point of law unless 'the prevailing precedent lacks vitality and the capacity to serve the interest of justice.' " *Bourgeois* at ¶ 5, p. 371 (citing *Myrick v. James,* 444 A.2d 987, 1000 (Me.1982)).

[¶ 6] The one new issue asserted by the Irishes is that this Court, in *Irish I,* violated the separation of powers mandated by Article III of the Maine Constitution by requiring a specific statement about an adverse panel finding under the governing legislation which, before amendment in 1999, required that panel findings be admitted "without explanation." *See* 24 M.R.S.A. § 2857(1) (1990), *amended by* P.L.1999, ch. 523, § 4 (effective September 18, 1999);[1] *Irish I,* ¶¶ 11–13, 691 A.2d at 670–71.

1. The 1999 revision of section 2857(1), not applicable to this case, removes the "without explanation" restriction from the original law and may necessitate development of new jurisprudence regarding use of unanimous panel findings. It is applicable to actions "commenced" on or after September 18, 1999. P.L.1999, ch. 523, § 5. The revised section 2857(1) reads as follows:

    **1. Proceedings before panel confidential.** Except as provided in this section and section 2858, all proceedings before the panel, including its final determinations, must be treated in every respect as private and confidential by the panel and the parties to the claim.

    A. The findings and other writings of the panel and any evidence and statements made by a party or a party's representative during a panel hearing are not admissible and may not otherwise be submitted or used for any purpose in a subsequent court action and may not be publicly disclosed, except that:

[¶ 7] In *Irish I*, we stated that presenting to a jury the neutral information described in *Irish I* was necessary not to explain or litigate the panel findings, but to prevent a jury from drawing improper inferences from the "total absence of information and the unexplained silence of plaintiff's counsel in the face of the highly prejudicial findings." *Id.*, ¶ 11, 691 A.2d at 670. In the same manner we have, for many years, required judicial comment on the right of an accused to remain silent and not testify at trial where the accused has elected not to testify at trial and has not specifically waived such a judicial comment. *See State v. Libby*, 410 A.2d 562, 564 (Me.1980); *State v. White*, 285 A.2d 832, 836 (Me.1972). In those criminal cases, although judicial and prosecutorial comment or suggestion about a choice of an accused not to testify is absolutely prohibited, we have suggested certain restricted neutral statements by the court to prevent a jury from otherwise drawing unwarranted adverse inferences. As we stated in *Irish I*, the neutral comment supports the general "without explanation" mandate of the legislature designed to avoid a trial within a trial or any such process developing regarding unanimous panel findings.

[¶ 8] As plaintiffs in a negligence action, the Irishes had the burden of proof on all elements of their claim, *see Lewis v. Knowlton*, 1997 ME 12, ¶ 7, 688 A.2d 912,

913. A party with the burden of proof, seeking to overturn a jury verdict on sufficiency of the evidence grounds, must demonstrate that a verdict in their favor was compelled by the record. *See Hughes Bros., Inc. v. A & M Contractors, Inc.*, 1999 ME 175, ¶ 2, 740 A.2d 996; *Haworth v. Feigon*, 623 A.2d 150, 160 (Me.1993). Factfinders are not required to believe witnesses, even if the testimony of witnesses, be they experts or lay witnesses, is not disputed. *See In re Fleming*, 431 A.2d 616, 618 (Me.1981); *Qualey v. Fulton*, 422 A.2d 773, 775 (Me.1980). Here, given the jury's capacity to believe or disbelieve witnesses, determine the significance of evidence, and decide what inferences to draw or not draw from the evidence, a verdict for the Irishes certainly was not compelled by the evidence presented.

[¶ 9] The Irishes challenge the use of a two-foot by three-foot blow-up of the panel finding by defense counsel. They assert that our ruling in *Irish I* prohibited the use of blow-ups depicting panel findings. However, the trial court correctly read *Irish I* and M.R. Evid. 616(a)[2] and ruled that the blow-up could be used, but only while counsel was making direct reference to it. The blow-up could not, as occurred in *Irish I*, be left facing the jury during the entire course of the trial. Nothing in *Irish I* can be read to suggest that we prohibited the use of blow-ups in

---

(1) Any testimony or writings made under oath may be used in subsequent proceedings for purposes of impeachment; and

(2) The party who made the statement or presented the evidence may agree to the submission, use or disclosure of that statement or evidence.

B. If the panel findings as to both the questions under section 2855, subsection 1, paragraphs A and B are unanimous and unfavorable to the person accused of professional negligence, the findings are admissible in any subsequent court action for professional negligence against that person by the claimant based on the same set of facts upon which the notice of claim was filed.

C. If the panel findings as to any question under section 2855 are unanimous and

unfavorable to the claimant, the findings are admissible in any subsequent court action for professional negligence against the person accused of professional negligence by the claimant based on the same set of facts upon which the notice of claim was filed.

The confidentiality provisions of this section do not apply if the findings were influenced by fraud.

2. M.R. Evid. 616(a) states:

(a) Subject to the provisions hereof, depictions and objects not admissible in evidence may be used to illustrate the testimony of witnesses or the arguments of counsel.

connection with presentations being made to juries as long as the blow-up does not divert the jury's attention when the information in the blow-up is not the matter being presented to them. Further, in connection with the use of the blow-up, we do not see in the record any improper comment by defense counsel.

The entry is:

Judgment affirmed.

DANA, J., with whom CALKINS, J., joins, dissenting.

[¶ 10] I respectfully dissent. Despite our amplification regarding the extent of permissible neutral comment by the trial court in *Irish I,* the effective silencing of comment by counsel on a piece of evidence as weighty as the findings of a panel of experts impermissibly encroaches on a party's right to a trial by jury recognized in the Maine Constitution. *See* ME. CONST. art. I, § 20 (1819, amended 1988). Our recommended instructions in *Irish I* failed to cure *this* infirmity.

[¶ 11] As we noted in *Irish I,* the Maine Constitution guarantees a party that the ultimate determination of material questions of fact will be made by the jury. *Irish,* 1997 ME 50, ¶ 8, 691 A.2d at 669 (citing *Peters v. Saft,* 597 A.2d 50, 53 (Me. 1991)). For a jury to fairly determine the quality of the evidence on which they may be making those determinations, the parties should be afforded an opportunity to test the evidence in *some* way. *See, e.g., Todd v. Andalkar,* 1997 ME 59, ¶ 6, 691 A.2d 1215, 1217 (exclusion of evidence sought through cross-examination that defendant's expert was a founder and insured of defendant's medical malpractice insurance carrier was an abuse of discre-

tion that "deprived the jury of facts needed to fairly judge the credibility of the expert testimony"); *Colony Cadillac & Oldsmobile, Inc. v. Yerdon,* 505 A.2d 98, 100 (Me.1986) ("[I]t was not in the interests of justice to limit the cross-examination ... of the plaintiff's key witness so as to preclude impeachment of his credibility."). The United States Supreme Court has observed that "[p]rejudice ensues from a denial of the opportunity to place the witness in his proper setting and put the weight of his testimony and his credibility to a test, without which the jury cannot fairly appraise them." *Alford v. United States,* 282 U.S. 687, 692, 51 S.Ct. 218, 75 L.Ed. 624 (1931) (citations omitted), *quoted in State v. Jutras,* 154 Me. 198, 206, 144 A.2d 865, 868–69 (1958).

[¶ 12] Although *cross-examination* of panel members is not necessarily constitutionally required, *cf. Perna v. Pirozzi,* 92 N.J. 446, 455–57, 457 A.2d 431 (1983) (emphasizing the power of a party to call a physician panelist as ·a witness at trial, court noted "[i]n view of the great weight apparently attached to the panel findings, either party must be permitted to show possible bias of a panel member"), submitting the panel's determination to the jury as evidence while prohibiting counsel from making specific comments regarding its origins or context impinges on the litigants' right to a fair determination of the facts by a jury. *See Beeler v. Downey,* 387 Mass. 609, 442 N.E.2d 19, 22 (1982) ("Were such 'evidence' [of a medical malpractice tribunal determination] to be admitted *and insulated from further comment* by either the trial judge *or* opposing counsel, however, the likelihood of unfair prejudice flowing from this result might well reach constitutional limits.") (emphasis added).[3] In

---

3. In *Barney v. Schmeider,* 76 U.S. (9 Wall.) 248, 19 L.Ed. 648 (1869), the United States Supreme Court held that the trial court's act of summarizing evidence from a prior proceeding without it being read to the jury and urging the jury to find for the plaintiff violated the defendant's Seventh Amendment right to have the facts in a civil suit in federal court

tried by a jury. *Id.* at 252–53. The Court commented, "we have never before heard of a case in which the jury were permitted, much less instructed, to find a verdict for the plaintiff *on evidence of which they knew nothing except what is detailed to them in the charge of the court." Id.* at 252 (emphasis added). This is in fact what a jury is permitted to do

a recent case, *Barrett v. Baird*, 111 Nev. 1496, 908 P.2d 689 (1995), the Nevada Supreme Court stated:

> Since the parties are in no way precluded from impeaching the panel's conclusion by competent evidence, *or from showing that relevant evidence was not presented to the panel or from demonstrating the limited nature of the panel proceeding*, we conclude that there is no valid concern that jurors will "overvalue" the panel findings. For purposes of the constitutional right to jury trial, the jury is and remains the final arbiter.

*Id.* at 696.

[¶ 13] In contrast, the parties in Maine can do no such thing. Appellee notes that most states have upheld the admissibility of panel determinations in medical malpractice cases. What separates Maine's statute from all of the others is the degree of restriction imposed on Maine plaintiffs. No other state imposes all of the following restrictions on plaintiff's counsel: no criticism of the panel findings, no explanation of the shortcomings of the process, no cross-examination of the panel members, and generally no calling into question the panel's determination.[4]

[¶ 14] In *Irish I*, we attempted to cure one constitutional infirmity in the medical malpractice screening panel statute by enlarging the scope of permissible comment that could be made by the *trial court* regarding the panel's unanimous findings when admitted as evidence in a medical malpractice case.[5] *See Irish*, 1997 ME 50,

---

with respect to panel determinations pursuant to 24 M.R.S.A. § 2857, i.e., they may use it as evidence in reaching a verdict although they know nothing about it other than what is contained in our recommended instructions set forth in *Irish I*.

4. *See Seoane v. Ortho Pharmaceuticals, Inc.*, 660 F.2d 146, 148 (5th Cir.1981) (any panel member may be called as a witness pursuant to Louisiana statute); *Woods v. Holy Cross Hosp.*, 591 F.2d 1164, 1168 (5th Cir.1979) (party may comment on panel finding just as any other piece of evidence pursuant to Florida statute later declared unconstitutional on other grounds); *Keyes v. Humana Hosp. Alaska, Inc.*, 750 P.2d 343, 348–50 (Alaska 1988) (panel members may be called as witnesses, court may delete portions of decision it finds lack foundation, contrasted with Illinois statute declared unconstitutional pursuant to which "the panel's recommendation was never subjected to jury scrutiny"); *Eastin v. Broomfield*, 116 Ariz. 576, 570 P.2d 744, 749 (1977) (party may show that additional evidence was available and presented at trial to that which was presented to panel); *Brooks v. Johnson*, 560 A.2d 1001, 1003 (Del.1989) (panel must explain its findings with bases in written opinion, review of panel decision available in Superior Court, evidence before the panel becomes part of the record); *Carter v. Sparkman*, 335 So.2d 802, 806 (Fla.1976) (party could comment on proceedings just like on other evidence pursuant to statute later declared unconstitutional because of delay and effective barrier to the courts it created); *Johnson v. St. Vincent Hosp., Inc.*, 273 Ind. 374, 404 N.E.2d 585, 593 (1980) (party may comment on the make-up of panel and point out potential bias); *Everett v. Goldman*, 359 So.2d 1256, 1264 (La.1978) (party may call any panel member as a witness); *Beeler v. Downey*, 387 Mass. 609, 442 N.E.2d 19, 22 (1982) (only panel's decision to appoint an expert and that expert's testimony are admissible, *not* panel's decision regarding whether a bond should be required due to likely lack of merit); *Linder v. Smith*, 193 Mont. 20, 629 P.2d 1187, 1189 (1981) (decision of panel not admissible); *Prendergast v. Nelson*, 199 Neb. 97, 256 N.W.2d 657, 663 (1977) (any member of panel may be called as a witness); *Barrett v. Baird*, 111 Nev. 1496, 908 P.2d 689, 696 (1995) (party may show evidence at trial is different from that presented to panel and may comment on nature of panel proceeding); *Perna v. Pirozzi*, 92 N.J. 446, 455, 457 A.2d 431 (1983) (physician panelist may be called as witness, evidence of bias may be introduced); *Bernstein v. Bodean*, 53 N.Y.2d 520, 443 N.Y.S.2d 49, 426 N.E.2d 741, 744 (1981) (pursuant to statute establishing medical malpractice panel, later repealed, physician or attorney member of panel could be called as witness); *Beatty v. Akron City Hosp.*, 67 Ohio St.2d 483, 424 N.E.2d 586, 588–89 (1981) (members of arbitration board may be called as witnesses; trial court reviews arbitration decision before admitting for clear error, errors of law, procedural fairness and potential prejudice); *Speet v. Bacaj*, 237 Va. 290, 377 S.E.2d 397, 399 (1989) (any panel member, except chairperson, may be called as a witness).

5. Although 24 M.R.S.A. § 2857 does not now restrict a trial court's ability to comment on the law regarding the panel findings and the

¶¶ 11–13, 691 A.2d at 670–71. I am now satisfied that our effort in *Irish I* to attempt to save an unconstitutional statute by judicial legislation was both inappropriate and ultimately unsuccessful.

[¶ 15] While I recognize the importance of *stare decisis* in promoting consistency and predictability in the law, this Court has also noted the "dangers of a blind application of the doctrine," *Peerless Ins. Co. v. Brennon,* 564 A.2d 383, 387 (Me. 1989) (citation omitted). The doctrine of *stare decisis* does not require adherence to an unsuccessful attempt to save an unconstitutional statute. Because of the pervasive limitation on the ability of plaintiffs to explain or place in context the panel findings, I would hold the confidentiality provision regarding the panel proceedings unconstitutional.

general nature of the proceedings before the panel (as we recognized in *Irish I*), the effective silencing of the parties' counsel remains and, in my judgment, impairs the right to a jury trial. The Legislature has deleted the "without explanation" language, *see* majority opinion *infra* at n. 1; *see also* 24 M.R.S.A. § 2857 (West, WESTLAW through 1998–99 1st Reg. Sess.). It explained, however, in the summary following the amendment that "[t]his amendment allows the use of testimony made under oath in the panel proceedings to be used in subsequent proceedings for the purpose of impeachment; *there is no other change to the confidentiality provisions.*" L.D. 1325, Summary (119th Legis.1999) (emphasis added). Therefore, the silencing of counsel is of continuing concern.