STATE OF MAINE                                              SUPERIOR COURT
PENOBSCOT, ss.                                             CIVIL ACTION
                                                            DOCKET NO. CV-05-178
                                                            WRA    PEN/  10/...  

SUSAN L. DOANE, as
Personal Representative of
the Estate of Nicole
Severance,

          Plaintiff,

     v.                                                    **DECISION ON
                                                           PLAINTIFF'S M.R. CIV.
                                                           P. 59(a) MOTION FOR A
                                                           NEW TRIAL**

EASTERN MAINE MEDICAL
CENTER, et al.

          Defendants.


     This matter comes before the Court on the Plaintiff's motion for a new trial filed

pursuant to M.R. Civ. P. 59(a). Having reviewed the parties' submissions and reflected

on the applicable law, the Court denies the motion.

## BACKGROUND

     The parties do not dispute that the decedent, Ms. Severance, suffered through

various physical ailments throughout much of her child and adult life, including abnormal

build-up of spinal fluid in her brain. As an infant Ms. Severence had a "VP shunt" placed

internally in the base of her skull to help redistribute excess spinal fluid from her head

into her abdomen. Ms. Severance periodically experienced complications with the VP

shunt. During the late evening and early morning hours of April 28 and 29, 2003, Ms.

Severance sought treatment at Eastern Maine Medical Center for complications

potentially associated with a malfunctioning VP shunt. Shortly after discharge from

1

EMMC at 6:15 a.m. on April 29, 2003, Ms. Severance collapsed upon returning home and was rushed to back EMMC. Sadly, Ms. Severance passed away on April 30, 2003, without regaining consciousness. The Plaintiff filed the action for professional malpractice and wrongful death against defendants Kathryn Roseberry, PA-C, Ruth Fogler, M.D., Eastern Maine Medical Center ("EMMC"), Mary Warner, M.D., and Spectrum Medical Group, P.A. on October 22, 2008. The proceedings culminated in a seven-day trial that commenced on April 26, 2010, and concluded on May 4, 2010. Ultimately, Dr. Warner and Spectrum Medical were dismissed by agreement with Plaintiff. Defendants Roseberry, Fogler, and EMMC remained in the action.

Specifically at issue in the Plaintiff's M.R. Civ. P. 59(a) motion is the Court's decision to admit deposition testimony of the EMMC's "causation" expert, Dr. Carlos David, into evidence. In the late afternoon of Wednesday, April 29, 2010, while conversing with the parties in chambers concerning remaining scheduling matters, the Defendants' counsel intimated that he did not anticipate calling upon Dr. David to travel from Burlington, Massachusetts to present live testimony. At the time, the Defendants' counsel cited no reason for the decision other than plain language of M.R. Civ. P. 32(a)(3)(B). Plaintiff's counsel fervently objected, and the Court instructed that the objection be made part of the record upon returning to the courtroom. The Court took the issue under advisement over the weekend and became aware of a case, *Gierie v. Mercy Hospital*, 2009 ME 45, 969 A.2d 944, that dictated the result ultimately reached by the Court—namely, that Defendants could read portions of Dr. David's deposition testimony into evidence pursuant to the M.R. Civ. P. 32(a)(3)(B). The Plaintiff also alleges, based on the evidence produced at trial, that a rational jury could *only* have found one or all of

2

the defendants in the action negligent, and that the negligence was the proximate cause of Ms. Severance's death.

## DISCUSSION

M.R. Civ. P. 59(a) permits the Court "to grant a new trial to all or any of the parties and on all or part of the issues for which new trials have . . . been granted in actions at law . . . in the courts of this state." The plaintiff contends that the Court committed prejudicial error by allowing the Defendants to read Dr. David's deposition testimony into evidence. As a general matter, M. R. Civ. P. 32(a)(3)(B) permits litigants to use, for any purpose, the deposition of a witness "against any party who was present or represented at the taking of the deposition" provided the court finds "that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, *unless it appears that the absence of the witness was procured by the party offering the deposition.*" *Id.* (emphasis added).

The Plaintiffs objections to the Court's ruling—permitting the Defendant EMMC to read parts of Dr. David's deposition testimony into evidence by operation of M.R. Civ. P. 32(a)(3)(B)—can be folded in to four categories. First, that the Court's decision constituted unfair surprise on account of the November 25, 2009, Pretrial Order requiring the parties to designate those depositions expected to be read into evidence not later than "21 days prior to the commencement of the trial session or 10 days before the trial management conference, whichever is earlier." Second, Plaintiff asserts that the reading of deposition testimony obtained during the discovery phase "prevents a party from confronting the opposing expert with new information developed subsequent to the deposition" and otherwise deprives the jury of the ability to observe the expert's behavior

3

on the witness stand. Third, the Plaintiff insinuates that Defendant EMMC's proffered reason for reading Dr. David's testimony into evidence suggests that his absence was, in fact, procured. And finally, the Plaintiff argues that the admission of Dr. David's testimony violates the "one expert issue per expert rule." The Court discusses these arguments in turn.

At the threshold, the Court understands that the oral admission of Dr. David's deposition testimony into evidence at trail departs from the timing established by the November 25, 2009 Pretrial Order. (*See* Pl.'s Mot. for a New Tr. Ex. C.) A close reading of paragraph 4 of the Order, specifically related to depositions, exposes that one of the main purposes of the language is to assist the parties, and the Court, in determining exactly what portions of deposition testimony, whether read into evidence or presented by videotape at trial, are objectionable or otherwise properly admissible. Dr. David was properly designated as Defendant EMMC's expert "causation" witness within the limits established. To the extent there was any deviation from the timing established by the November 2009 Pretrial Order, the Court made careful efforts to exclude, on Plaintiff's motion, those portions of Dr. David's deposition that were objectionable or otherwise outside the scope of his expert witness designation.

The Plaintiff suggests that the admission of Dr. David's deposition, obtained during the "preliminary" or discovery stage of trial, placed counsel at significant disadvantage in terms of inhibiting counsels' ability to cross-examine Dr. David and perhaps confront him with evidence that would likely impugn his opinion. In *Gierie*, 2009 ME 45, ¶ 19, 969 A.2d at 949, the Law Court specifically reiterated that "the distinction between discovery depositions and trial depositions and their admissibility

4

under M.R. Civ. P. 32 is supported neither by case law nor the language of the rule." *Id.* (citation omitted). While the Defendants' sudden and impromptu trial tactic might have inhibited the jury from judging Dr. David's credibility based upon direct observations his behavior on the witness stand, the Plaintiff's own causation expert presented opinions that flatly contradicted those expressed by Dr. David. To that end, the jury could justifiably weigh issues of causation raised during trial and reflect upon the inherent credibility of the parties' expert witnesses, as against each other, in arriving at the verdict.

Defendants' counsel proffered no reason at the time the he made it known that Dr. David would not be called upon to present live testimony, the record does not otherwise indicate an effort on the part of the Defendants "to take active steps to prevent [Dr. David's] appearance at trial in order to ensure that his deposition would be admissible pursuant to M.R. Civ. P. 32(a)(3)(B)." *Gierie*, 2009 ME 45 ¶ 20, 969 A.2d at 949; *see also Carey v. Bahama Cruise Lines*, 864 F.2d 201, 204 (1st Cir. 1988) ("[T]he mere fact that the deponents are employed by the defendant and there is an identity of interest between the deponents and their employer is not enough to trigger exclusion because 'procuring absence and doing nothing to facilitate presence are quite different things.'") (citation omitted). That Defendant EMMC's "causation" expert, Dr. David, was located a distance beyond 100 miles from the place of trial is a fact the Plaintiff does not and cannot dispute, and is dispositive of the issue raised in the Plaintiff's motion for a new trial. Based on this Court's reading of *Gierie,* coupled with the lack of any affirmative proof that the Defendant EMMC or its counsel actively procured Dr. David's absence at trial, the Court finds the admission of certain portions of the deposition testimony perfectly permissible under M.R. Civ. P. 32(a)(3)(B). *Carey*, 864 F.2d at 204.

The Court, similar to the Plaintiff, is left to speculate as to the reason for the Defendants' decision not to call upon Dr. David to present live trial testimony. In a similar vein, the Court does not lend particular credence to the *post hoc* rationalizations espoused in Defendants' reply brief. Although the Law Court has interpreted Rule 32 to import a "preference for live testimony," the rule permits admission of depositions under any of the circumstances contemplated by M.R. Civ. P. 32 (a)(3)(B). *See Gierie*, 2009 ME 45 ¶ 20, 969 A.2d at 949 (citation omitted). To the extent the Court finds M.R. Civ. P. 32(a)(3)(B) retrospectively satisfied, the Plaintiff's additional arguments, all part and parcel of the same objection to the Court's evidentiary ruling, similarly fail to withstand analysis.

The Court notes that the concept of distance relevant to an analysis of M.R. Civ. P. 32(a)(B)(3) is severable from concept of "unavailability" involving M.R.E. 804(a)(5). That is, "the admissibility of a deposition under the 100 mile provision of *Rule 32* is not conditioned upon the court's inability to subpoena the deponent." *Carey*, 864 F.2d 490, 204 n.5 (citation omitted). The *Carey* Court further opined that "Rule 32(a)(3)(B) is more permissive than Federal Rule of Evidence 804(a)(5). *Id.* Whatever the merits of this distinction, the Court is not inclined to uproot the clear weight of authority on the issue, especially where the federal rules and those enacted in this State are identical.

In addition, the Court does not find that Dr. David's testimony violated the "one expert per issue" rule. As noted by the Defendants, "Dr. Sears only testified to the conclusion he was required to and did reach, during the course of his care as [Ms. Severance's] treating physician." (Def.'s Opp'n to Pl.'s Mot. for a New Tr. at 12.) On the other hand, Defendant hired Dr. David to conduct a comprehensive review of Ms.

6

Severances entire medical history, and he specifically opined on the various possible causes of Ms. Severance's death. To the extent there was any overlap in opinion, it was not the type of redundancy that inherently prejudiced the Plaintiff's case. *See Gierie*, 2009 ME 45, ¶ 18, 969 A.2d at 949.

The Plaintiff also maintains that no reasonable view of the evidence admitted at trial could sustain the jury's verdict. "As the plaintiff and the party with the burden of proof at trial, [Ms. Doane] can succeed in challenging the verdict on appeal only if she can establish that the jury was compelled to find in her favor on each element of her claims." *Ma v. Bryan*, 2010 ME 55, ¶ 6, -- A.2d -- . The Law Court has recognized the inherent difficulty in obtaining a new trial within the ambit of M.R. Civ. P. 59(a) precisely because "a fact-finder, whether it be a jury or a court, is 'not required to believe witnesses, even if the testimony of [those] witnesses, be they experts or lay witnesses, is not disputed.'" *Dionne v. LeClerc*, 2006 ME 34, ¶ 15, 896 A.2d 923, 929 (quoting *Irish v. Gimbel*, 2000 ME 2, ¶ 8, 743 A.2d 736, 738). Given the divergent views of the parties' designated experts, the testimony of Ms. Severance's treating physicians, and the timeline of events that unfolded on the late evening and early morning hours of April 23 and 24, the jury was not compelled to find both negligence and causation.

The entry is:

1. Plaintiff's M.R. Civ. P. 59(a) Motion for a New Trial is is **DENIED**.

2. This order is incorporated into the docket pursuant to M.R. Civ. P. 79(a).

Date: October 1, 2010

William R. Anderson
Justice, Superior Court

SUSAN L DOANE PR EST NICHOL SEVERANCE  - PLAINTIFF
39 PERRY STREET
LINCOLN ME 04457
Attorney for: SUSAN L DOANE PR EST NICHOL SEVERANCE
ROBERT STOLT  - RETAINED 07/28/2005
LIPMAN & KATZ & MCKEE, PA
227 WATER STREET
PO BOX 1051
AUGUSTA ME 04332-1051

Attorney for: SUSAN L DOANE PR EST NICHOL SEVERANCE
MARK L RANDALL  - RETAINED 01/06/2010
RANDALL LAW OFFIC,  PA
482 CONGRESS STREEET STE 304
PO BOX 17915
PORTLAND ME 04112

Attorney for: SUSAN L DOANE PR EST NICHOL SEVERANCE
ELLIOTT EPSTEIN  - RETAINED 12/28/2009
PICKUS & EPSTEIN
980 FOREST AVENUE SUITE 207
PORTLAND ME 04103

Attorney for: SUSAN L DOANE PR EST NICHOL SEVERANCE
OWEN B PICKUS  - RETAINED 11/16/2009
PICKUS & EPSTEIN
980 FOREST AVENUE SUITE 207
PORTLAND ME 04103


VS
KATHRYN W ROSEBERRY PAC  - DEFENDANT

Attorney for: KATHRYN W ROSEBERRY PAC
GEORGE SCHELLING  - RETAINED
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402

Attorney for: KATHRYN W ROSEBERRY PAC
SANDRA L ROTHERA  - RETAINED 08/15/2005
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402

RUTH A FOGLER MD  - DEFENDANT

Attorney for: RUTH A FOGLER MD
GEORGE SCHELLING  - RETAINED
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402

SUPERIOR COURT
PENOBSCOT, ss.
Docket No  BANSC-CV-2005-00178

**DOCKET RECORD**

**DOCKET RECORD**

Attorney for: RUTH A FOGLER MD
SANDRA L ROTHERA  - RETAINED 08/15/2005
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402


EASTERN MAINE MEDICAL CENTER - DEFENDANT


Attorney for: EASTERN MAINE MEDICAL CENTER
GEORGE SCHELLING  - RETAINED
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402


Attorney for: EASTERN MAINE MEDICAL CENTER
SANDRA L ROTHERA  - RETAINED 08/15/2005
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402


MARY A WARNER MD  - DEFENDANT


Attorney for: MARY A WARNER MD
MARK LAVOIE  - RETAINED
NORMAN HANSON & DETROY
415 CONGRESS STREET
PO BOX 4600
PORTLAND ME 04112-4600


SPECTRUM MEDICAL GROUP PA - DEFENDANT


Attorney for: SPECTRUM MEDICAL GROUP PA
MARK LAVOIE  - RETAINED
NORMAN HANSON & DETROY
415 CONGRESS STREET
PO BOX 4600
PORTLAND ME 04112-4600



Filing Document: NOTICE OF CLAIM                Minor Case Type: MEDICAL MALPRACTICE
Filing Date: 07/28/2005

## Docket Events:
07/28/2005 FILING DOCUMENT - NOTICE OF CLAIM FILED ON 07/28/2005


07/28/2005 Party(s):  SUSAN L DOANE PR EST NICHOL SEVERANCE
            ATTORNEY - RETAINED ENTERED ON 07/28/2005
            Plaintiff's Attorney: ROBERT STOLT


08/04/2005 Party(s):  SPECTRUM MEDICAL GROUP PA
            SUMMONS/SERVICE - PROOF OF SERVICE SERVED ON 07/26/2005