pc/

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-10-500
JAW-CuM-12/8/2011

GREG LORELLO and
AMY FULLER

      Plaintiffs,

    v.

CHRISTOPHER K. KARAGEORGE
and LAURALISA H. KARAGEORGE,

and

TIMOTHY J. FITZPATRICK and        **ORDER**
JENNIFER R. FITZPATRICK,

and

WINDING BROOK ASSOCIATES

      Defendants,

WINDING BROOK ASSOCIATES

      Third-party Plaintiffs,

    v.

MCCURRY CONSTRUCTION, INC.,
KEITH PELOQUIN, and FIBERWEB, INC.

      Third-party Defendants,

Before the court is third-party defendant, Fiberweb, Inc.'s, motion for summary

judgment on the claims asserted in the third-party complaint.[1]

---

[1] Third-party defendant, McCurry Construction, Inc., filed a motion for summary judgment but advised the court at the motion hearing that claims against McCurry are settled.

## BACKGROUND

The plaintiffs own a home located at 4 Fowler Farm Road, Scarborough, Maine. Winding Brook served as the general contractor for construction of the home. Winding Brook subcontracted McCurry Construction, Inc. to install the framing, sheathing and house wrap on the home. According to Winding Brook's third-party complaint, McCurry installed a Typar brand house wrap. Fiberweb manufacturers Typar house wrap, which it then sells through distributors.

The plaintiffs have brought suit against the prior homeowners and Winding Brook alleging against Winding Brook breach of express and implied warranty (Count I), negligence (Count II) and violation of the Unfair Trade Practices Act (Count III). They seek recovery against Winding Brook for damages, including but not limited to property damages. See Complaint ¶¶ 21, 25 and p. 8. Winding Brook denied all liability and filed its third-party complaint against Fiberweb, among others. The third-party complaint alleges against Fiberweb: negligence (Count I), strict liability (Count II), breach of express warranty (Count III) and breach of implied warranty (Count IV). Winding Brook claims that the house wrap was made by Fiberweb, failed to function properly and as a result of that failure, there was significant moisture buildup in the building envelope. According to Winding Brook, it should be entitled to contribution or indemnification from Fiberweb if Winding Brook is found liable to plaintiffs. Fiberweb has denied any liability.

## DISCUSSION

### 1. Standard of Review

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. M.R. Civ. P.

2

56(c). In considering a motion for summary judgment, the court should view the facts in the light most favorable to the non-moving party, and the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99, ¶ 8, 800 A.2d 702. Rule 56(h) requires a party that is opposing a motion for summary judgment to support any qualifications or denials of the moving party's statement of material facts with record citations. *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 6, 770 A.2d 653. The Law Court has clearly and succinctly spelled out the requirements for non-moving parties in summary judgment practice, stating:

> [t]o avoid a summary judgment, the nonmoving party must respond by filing (1) a memorandum of law in opposition to the motion for summary judgment; (2) a statement of material facts in opposition, with appropriate record references; and (3) copies of the corresponding record references.

*Id.* ¶ 6, 770 A.2d at 655-56. "All facts not properly controverted in accordance with this rule are deemed admitted." *Rogers v. Jackson*, 2002 ME 140 ¶ 7, 840 A.2d 379, 380-81 (*citing* M.R. Civ. P. 56(h)(4)).

2.    Fiberweb's Motion for Summary Judgment

Third-party defendant Fiberweb filed a motion for summary judgment on Winding Brook's Third-party Complaint. Fiberweb argues that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law because the economic loss doctrine bars that plaintiffs' tort claims which means that Winding Brook cannot obtain indemnification or contribution on tort theories.[2] Fiberweb further argues that although Winding Brook's breach of warranty claims seek indemnification and contribution, those remedies are not available for breach of contract or breach of

---

[2] Because Winding Brook states in its opposition that it has not made any direct claims against Fiberweb, the court will not consider Fiberweb's arguments concerning statute of limitations or M.R.Civ.P 14(a).

3

warranty.

Winding Brook counters that plaintiffs have alleged losses beyond just property damage by alleging damages that "include, but [are] not limited to, property damage and defective work." Therefore, Winding Brook argues that the economic loss doctrine does not bar the plaintiffs' tort claims. Winding Brook further argues that it is entitled to contribution based on an equitable right and that Fiberweb as manufacturer of the house wrap should be made to pay its share of the damages. Winding Brook also argues that it has a common-law indemnification claim based on the argument that indemnification may be required as a matter of law based on a greater disparity in the fault of the parties. Winding Brook argues it was merely "passively negligent" in failing to discover the defect in the Typar wrap provided by Fiberweb.

### a. Material Facts in Dispute

There are no properly disputed facts alleged in this motion. (*See* Fiberweb SMF; Winding Brook SMF Reponses.) Although Winding Brook has submitted an additional statement of material facts, none of the statements contained therein are properly supported by admissible evidence. Each of Winding Brook's additional factual assertions cite to the underlying complaint or to the third-party complaint, neither of which are verified. Rule 56(h)(4) requires that the statement of fact must be supported by citation to admissible evidence in the record. "[A]n adverse party may not rest upon the mere allegations or denials of that party's pleading, but must respond by affidavits or as otherwise provided in this rule, setting forth specific facts showing that there is a genuine issue for trial." M.R.Civ.P.56(h)(4). Winding Brook's citation to paragraph 12 of the third-party complaint does not support its allegations in paragraph 5 of its Statement of Material Facts that it relied on Fiberweb's knowledge and skill in making a product free

4

from defects, any alleged negligence of Winding Brook consisted of failure to discover the defect, and Winding Brook was simply a passive conduit through which the product passed. Those record citations are to be to admissible evidence, and not simply to a non-verified complaint. Therefore, Winding Brook has failed to create a genuine dispute as to the material facts.

### b. Judgment as a Matter of Law

Winding Brook argues in its third-party complaint that it should be entitled to contribution and/or indemnification from Fiberweb. This court concludes that Winding Brook is not entitled to relief against Fiberweb under any theory.

### (1.) Contribution

Winding Brook claims negligence (Count I) and strict liability (Count II) against Fiberweb and seeks contribution. It is well-established law that "a joint tort-feasor directly liable for the injury of another may seek contribution from another joint tort-feasor whose fault also caused the injury of the other." *Otis Elevator Co. v. F.W. Cunningham & Sons*, 454 A. 2d 335, 340 (Me. 1983). *See also Thermos Co. v. Spence*, 1999 ME 129, ¶ 13, 735 A. 2d 484, 487 and *Packard v. Whitten*, 274 A. 2d 169, 174 (Me. 1971). Contribution is an enforceable right among unintentional joint tortfeasors. *Packard*, 274 A. 2d at 179.

Fiberweb responds that Winding Brook and Fiberweb cannot be joint tortfeasors because of the economic loss doctrine. The economic loss doctrine prohibits a purchaser of a home from recovering for damage to the home caused by defects in the house except under a warranty theory. Maine law does not permit "tort recovery for a defective product's damage to itself." *Oceanside at Pine Point Condominium Owners Ass'n v. Peachtree Doors, Inc.*, 659 A. 2d 267, 271 (Me. 1995). The allegations in this case

5

concerning Typar are like those in *Peachtree* in which the Law Court held that because the windows in question were integrated into the condominium units, the plaintiffs could not seek tort recovery from the window manufacturer. *Peachtree*, 659 A. 2d at 269-270. Winding Brook is limited to contractual remedies; therefore, Fiberweb could not be found to be a joint tortfeasor with Winding Brook. Winding Brook is not entitled as a matter of law to contribution because of the economic loss doctrine.

Winding Brook alternatively seeks contribution from Fiberweb for claims based on breach of express warranties (Count III) and breach of implied warranties (Count IV). There is a single Maine case that analyzes Fiberweb's claim that there can be no claim for contribution (or indemnification) based on breach of warranty. See *New England Insulation Co. v. Pine State Beef Co.*, 1979 Me. Super LEXIS 72 (Me. Super. Ct. Mar. 26, 1979). In *Pine State*, the Superior Court concluded that the elimination of the privity requirement in the Uniform Commercial Code, 11 M.R.S.A. § 2-318, demonstrates that "our Legislature has seen fit to predicate liability for breach of warranty upon tort policies rather than upon the consensual and contractual policies originally implicit in the Uniform Commercial Code, [and] that policy determination by our Legislature should and must be implemented by the courts in the application of the judicially declared doctrine of contribution." *Id.*

The Maine Law Court however has given no indication that it would rule that breach of warranty claims are essentially tort claims or potential tort claims to which the judicially created contribution doctrine would apply. The Law Court rather has repeatedly stated that contribution actions are between tortfeasors who have been found negligent to the original injured party. *E.g., Thermos Company v. Spence*, 1999 ME 129, ¶¶ 12-21, 735 A. 2d 484, 487-89; *Emery v. Hussey Seating Co.*, 1997 ME 12, 697 A. 2d

6

1284; *Otis Elevator*, 454 A. 2d at 338; *Packard*, 274 A. 2d at 179. "The adjudication of negligence, causation, and damages form the foundation of a contribution action . . . The gravamen of a contribution action, therefore, involves determinations of rights and responsibilities traditionally arising in common law suits for negligence." *Thermos*, 1999 ME at ¶ 21 (quotation marks and citations omitted).

The majority of other jurisdictions that have faced this issue (albeit generally with a statute providing for contribution) have refused to ignore the distinction between contract and tort theories and have precluded claims for contribution predicated on breach of contract. *AutoZone, Inc., v. The Glidden Company*, 737 F. Supp 2d 936, 947 (W.D. Tenn. 2010) (collecting cases adopting the majority view). See, e.g., *Anderson v. Nelson*, 2010 U.S. Dist. LEXIS 124769 (D. Minn, Nov. 4, 2010) (accepted by, motion granted by, claim dismissed by, dismissed without prejudice by *Anderson v. Nelson*, 2010 U.S. Dist. LEXIS 124800 (D. Minn., Nov. 23, 2010) (allegations concerning breach of contract or breach of warranty claim do not support a tort remedy of contribution); and *Leasetec Corp. v. Inhabitants of the County of Cumberland*, 896 F. Supp. 35, 39 (D. Me. 1995). Because the Maine Law Court has consistently stated that contribution arises only between joint tortfeasors who have been found negligent to the original injured party, this court concludes a contribution claim may not be based on a breach of warranty claim. Winding Brook is not entitled as a matter of law to contribution based on breach of warranty.

Winding Brook is also not entitled to indemnification. A manufacturer of a defective product is required to indemnify a seller when "(1) the seller reasonably relies upon the manufacturer's knowledge and skill in making the product free from defects; and (2) any negligence on the seller's part consists of, at most, a failure to discover the

7

defect." *Emery v. Hussey Seating Co.*, 1997 ME 162, ¶ 11, 697 A. 2d 1284, 1288.

Although paragraph 12 of the third-party complaint alleges that Winding Brook is merely a passive conduit in the chain of distribution, Winding Brook has failed to support this claim with affidavits or otherwise as required by M.R.Civ.P. 56(4)(h) and has failed to generate a material issue of fact. In the absence of evidence to establish that Winding Brook is simply a passive conduit through which the goods pass, it is not entitled as a matter of law to indemnity.

Because neither contribution nor indemnity is available for Winding Brook's claims, Fiberweb is entitled to judgment as a matter of law on all Counts.

It is hereby ORDERED:

Judgment for Fiberweb on Counts I, II, III and IV.

December 8, 2011

Joyce A. Wheeler, Justice
Maine Superior Court

Michael Bosse Esq-Greg Lorello and Amy Fuller

Jennifer Archer Esq-Christopher and Lauralisa Karageorge

Christian Chandler Esq-Fitpatrick Inc et als

Frederick Moore Esq-Winding Brook Associates

H Peter Del Bianco Esq- McCurry Construction

Keith Peloquin-Pro Se Third Party Def (Defaulted)

Kurt Olafsen Esq-Fiberweb Inc

8