2008 ME 110

**In re Donald BEAUCHENE.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 30, 2008.

Decided: July 3, 2008.

Daniel I. Billings, Esq., Marden, Dubord, Bernier & Stevens, Waterville, ME, for Donald Beauchene.

G. Steven Rowe, Attorney General, Fernand R. Larochelle, Asst. Atty. Gen., Donald W. Macomber, Asst. Atty. Gen., Office of Attorney General, Augusta, ME, for the State of Maine.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and MEAD, JJ.

SILVER, J.

[¶ 1] Donald Beauchene appeals from an order of the Superior Court (Kennebec County, *Marden, J.*) denying Beauchene's petition for release from the custody of the Commissioner of the Department of Health and Human Services. On appeal, Beauchene contends that (1) he is entitled to discharge because his current condition does not constitute a mental disease or defect as defined by Maine law at the time he was found not guilty due to mental disease or defect, and (2) his continued confinement violates the due process clause of the United States Constitution. We affirm.

## I. FACTS AND PROCEDURE

[¶ 2] In 1970, Beauchene was indicted for a murder that occurred in 1969. He pleaded not guilty by reason of mental disease or defect. At his trial his experts testified that he had explosive personality disorder, as classified in the second edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM II). AMERICAN PSYCHIATRIC ASS'N, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS (2nd ed.1968). They also testified that this disorder was a mental disease or defect under the law at that time. The State's experts testified that Beauchene's traits were more consistent with an antisocial personality disorder, which was not a mental disease or defect. The jury found Beauchene not guilty by reason of mental disease or defect under Maine's then-applicable legal definition of mental disease or defect. Accordingly, pursuant to 15 M.R.S.A. § 103 (1964), Beauchene was committed to the custody of what is now the Department of Health and Human Services.

[¶ 3] In 2005, Beauchene filed the instant petition for release or discharge, pursuant to 15 M.R.S.A. § 104–A (Supp.2004). A hearing was held, and Beauchene called a forensic psychiatrist and a forensic psychologist as witnesses. He also presented three reports, two from these witnesses and one from examiners from the Dartmouth Medical School. All of these examiners agreed that Beauchene does not have and never has had an Axis I disorder, which is a category consisting of major mental illnesses. They agreed that he now has, and always had, a personality disorder, which is an Axis II disorder. They testified that Beauchene's mental condition had not changed from the time he committed murder in 1969 through his release hearing in 2006. The only change had been in the labels the psychiatric profession applied to Beauchene's mental condition. The witnesses testified that Beauchene's disorder would not generally be considered a "mental disease or defect" under current Maine law.

[¶ 4] The forensic psychiatrist stated that a personality disorder alone would not support an insanity defense, and the forensic psychologist stated that she had never observed an antisocial personality disorder, by itself, to be the foundation of a finding of not criminally responsible. The two witnesses also testified that explosive personality disorder has been abandoned since the DSM II in later DSM editions.

They also testified that Beauchene continued to be dangerous to others in 2006.

[¶ 5]    In its order, the Superior Court aptly described the major issue in this appeal.  It noted that during his 1970 trial, Beauchene offered expert testimony that he had explosive personality disorder. The jury in that trial found that pursuant to the statute in place at the time, 15 M.R.S.A. § 102 (1964),[1] Beauchene was not criminally responsible due to mental disease or defect.  The court then noted that Beauchene moved presently to be discharged pursuant to 15 M.R.S.A. § 104–A. The court wrote that to be successful, Beauchene must prove by clear and convincing evidence that he "may be released or discharged without likelihood that [he] will cause injury to [himself] or others due to mental disease or defect." (alterations in original).

[¶ 6]    The court then found that Beauchene suffers from a personality disorder, and it is extremely doubtful that such a disorder could currently fit into the statutory definitions of mental disease or defect. The court, in fact, found that Beauchene "did not nor does" have a mental disease or defect.  It cannot therefore be said, wrote the court, that his mental or emotional processes were substantially affected and his behavior controls impaired by a mental disease or defect.  The court also questioned the jury's determination in 1970 that Beauchene did then suffer from a mental disease or defect according to the definition at the time.  The court noted that Beauchene's disorder had not changed between 1970 and the date of the hearing appealed from.  The court also noted that Beauchene poses no less of a risk now than

he did in 1970.  The court interpreted our case law to require that Beauchene show some substantial change in what the jury in 1970 determined to be a mental disease or defect.  The court wrote, "[i]t is not this court's role to overturn a 37 year old jury verdict."  It found that Beauchene had not made a showing of substantial change, and so denied his petition for discharge.  This appeal followed.

## II.  DISCUSSION

■■■■    [¶ 7]    We review questions of law de novo.  *Blanchard v. Sawyer*, 2001 ME 18, ¶ 5, 769 A.2d 841, 843.  "We review . . . findings of fact for clear error and will affirm those findings if there is competent evidence in the record to support them, even if the evidence might support alternative findings of fact."  *Preston v. Tracy*, 2008 ME 34, ¶ 10, 942 A.2d 718, 720 (internal quotation marks omitted). In this case, because the court applied our case law to interpret a statute, we review this application de novo.  *See State v. Thongsavanh*, 2007 ME 20, ¶ 27, 915 A.2d 421, 427.  The primary purpose of statutory interpretation is to give effect to the intent of the Legislature.  *Arsenault v. Sec'y of State*, 2006 ME 111, ¶ 11, 905 A.2d 285, 288.  When a statute is not ambiguous, we will interpret the statute without applying rules of construction.  *McGee v. Sec'y of State*, 2006 ME 50, ¶ 18, 896 A.2d 933, 939–40.  We will look to other external aids in interpretation of a statute only when we have determined that the statute is ambiguous.  *See Thongsavanh*, 2007 ME 20, ¶ 27, 915 A.2d at 427.  Beauchene was required to prove to the Superior Court by clear and convincing evidence

---

1.   15 M.R.S.A. § 102 (1964) at that time established the Durham Rule in Maine, as it provided:

An accused is not criminally responsible if his unlawful act was the product of a mental disease or mental defect.  The terms 'mental disease' or 'mental defect' do not include an abnormality manifested only by repeated criminal conduct or excessive use of drugs or alcohol.

that he was eligible for release. *Taylor v. Comm'r of Mental Health and Mental Retardation*, 481 A.2d 139, 149–50 (Me.1984). We must affirm the Superior Court's decision unless that court acted irrationally in failing to be satisfied that clear and convincing evidence showed Beauchene to be qualified for release. *LaDew v. Comm'r of Mental Health and Mental Retardation*, 532 A.2d 1051, 1054 (Me.1987).

[¶ 8] 15 M.R.S.A. § 104–A(1)–(1)(B) provides, in pertinent part, that

[i]f, after hearing, the court finds that the person may be released or discharged without likelihood that the person will cause injury to that person or to others due to mental disease or mental defect, the court shall order

. . . .

[d]ischarge from the custody of the Commissioner of Behavioral and Developmental Services.

[¶ 9] It is clear from the text of section 104–A(1)–(1)(B) that a court must order the release of Beauchene if he can be discharged without likelihood that he will cause injury to anyone because of his mental disease or defect. There are, therefore, two criteria that must be satisfied in order to retain custody of Beauchene: (1) Beauchene must be a danger to himself or others, and (2) that danger must be a likely result of his mental disease or defect. The Superior Court found that Beauchene "poses no less of a risk [now] than he did when" he was acquitted of murder by reason of mental disease or defect in 1970. We infer from this statement that the court found Beauchene to currently be a danger to himself or others as a likely result of his mental condition. *Sutherland v. Morrill*, 2008 ME 6, ¶¶ 4–5, 940 A.2d 192, 193; *Lyons v. Baptist Sch. of Christian Training*, 2002 ME 137, ¶ 13,

804 A.2d 364, 369. Our question lies with the second criterion.

[¶ 10] Before we directly address the court's treatment of the second criterion, we note an ambiguity in section 104–A(1). That section does not make clear whether its requirement of a mental disease or defect looks to the definition of mental disease or defect at the time of the hearing on the petition for discharge or when Beauchene committed the murder and was tried for it. To resolve this ambiguity, we look to our prior case law. In *LaDew*, we wrote that in reviewing LaDew's petition for discharge under section 104–A, "the question of the continued existence of his mental disease or defect must be decided on the pre-amendment standard under which he was acquitted [by reason of insanity] and committed to" state custody. 532 A.2d at 1053. Beauchene was therefore required to prove that he no longer suffered from a mental disease or defect as that term was defined in 1970 that would likely result in his being a danger to himself or others.

[¶ 11] The Superior Court wrote that Beauchene "did not nor does ... have a mental disease or defect." The court also, however, wrote that "[i]t is not this court's role to overturn a 37 year old jury verdict" that found Beauchene did have a mental disease or defect. We conclude that the court's first statement indicates its appreciation of Beauchene's argument and its attempt to reconcile it with the evidence that Beauchene continues to pose a threat to others. We conclude that the court's second statement clearly establishes its finding that the threat Beauchene poses is a likely result of the mental disease or defect that the jury found Beauchene to have in 1970. Because the Superior Court found that Beauchene did have a mental disease or defect as that term was defined

in 1970, the court correctly denied Beauchene's petition for discharge.

[¶ 12] Because the effect of Beauchene's due process contention depends upon a finding that he did not have a mental disease or defect as that term was defined in 1970, we reject this contention.

The entry is:

Judgment affirmed.