MAINE SUPREME JUDICIAL COURT                                      Reporter of Decisions
Decision:      2015 ME 111
Docket:        Ken-14-189
Argued:        June 17, 2015
Decided:       August 11, 2015

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, and JABAR, JJ.

## MICHAEL J. JAMES

v.

## STATE OF MAINE

JABAR, J.

[¶1]   Michael J. James appeals from an order of the Superior Court (Kennebec County, *Marden, J.*) discharging him from the custody of the Commissioner of the Department of Health and Human Services (DHHS), and thereby returning him to the custody of the Department of Corrections.   James contends that the court erred by discharging him from DHHS custody without finding that there was a change in the mental disease or defect that formed the basis for his initial commitment.  We affirm.

## I.  BACKGROUND

[¶2]  The facts underlying this appeal are not disputed, and were discussed extensively in *James v. State*, 2008 ME 122, 953 A.2d 1152.   In 2006, while serving a sentence at the Maine State Prison, James was charged with ten counts of assaulting an officer.  *See id.* ¶ 3.  A Knox County jury found James not criminally

2

responsible by reason of mental disease or defect, and the court ordered him committed to DHHS custody. *Id.*; *see* 15 M.R.S. § 103 (2007).[1] In July 2007, James was placed at Riverview Psychiatric Center (Riverview).[2] *See James*, 2008 ME 122, ¶ 8, 953 A.2d 1152. James's prison sentence was tolled while he remained committed and thus upon a discharge from DHHS custody he would be delivered back into the custody of the Department of Corrections.[3] *Id*. ¶¶ 24-25.

[¶3] On September 5, 2013, DHHS petitioned for James's discharge from its custody. The court held a contested hearing on the petition on April 10, 2014. At that hearing, the court heard testimony from Miriam Davidson, a Riverview psychiatric nurse practitioner; Dr. Alexander Raev, a Riverview psychiatrist; Dr. Arthur Dirocco, Riverview's director of psychology; Dr. Ann LeBlanc, a forensic psychologist; and Dr. Brendan Kirby, Riverview's clinical director.

---

[1] Title 15 M.R.S. § 103 has since been amended, though not in any way that affects this case. P.L. 2013, ch. 424, § B-3 (effective Oct. 9, 2013) (codified at 15 M.R.S. § 103 (2014)).

[2] We affirmed the court's 2007 order immediately committing James to DHHS custody and tolling his prison sentence. *James v. State*, 2008 ME 122, ¶ 27, 953 A.2d 1152. We emphasized that the decision to be made on any later discharge petition pursuant to 15 M.R.S. § 104-A(1) (2007) would be

> whether James presents a danger *because of his mental illness or defect*. Even without the complication of mental illness, James may present a danger to others, but if any such continuing dangerous behavior is not due to mental illness, or if his mental illness is not amenable to treatment, then there may be no reason for James's continuing commitment.

*James*, 2008 ME 122, ¶ 24, 953 A.2d 1152.

[3] In 2013, the law was changed to require that, when a person who is serving a prison sentence is found not criminally responsible by reason of insanity for a different criminal offense, the person must serve the remaining prison sentence before being committed to DHHS custody unless the court orders otherwise. P.L. 2013, ch. 265, § 4 (effective Oct. 9, 2013) (codified at 15 M.R.S. § 103-A(2) (2014)).

[¶4]   After the hearing, the court ordered James to be discharged from DHHS custody, finding by clear and convincing evidence that he no longer suffers from a mental disease or defect.  *See* 15 M.R.S. § 104-A(1)(B) (2014).   In explaining its decision, the court stated:

> [James] does have substantial capacity to appreciate the wrongfulness of his conduct at Riverview, that his activities are goal-directed notwithstanding the threats and the self-harm and the aggressive behavior, that he understands what it is he's [d]oing and why and that all of this activity, this unsatisfactory conduct is not . . . the result of a mental disease or defect.

[¶5]   James was remanded to the custody of the Department of Corrections to serve the remainder of his prison sentence.  He appeals.

## II.  DISCUSSION

[¶6]   James does not challenge the factual findings made by the court in its discharge order.   Instead, James argues that the court erred in ordering his discharge from DHHS custody because DHHS failed to make a necessary showing pursuant to *In re Beauchene*, 2008 ME 110, 951 A.2d 81, and *LaDew v. Comm'r of Mental Health & Mental Retardation*, 532 A.2d 1051 (Me. 1987): that there was a "substantial change" in the particular mental disease or defect that formed the basis for the jury's finding him not criminally responsible in 2006.  We review such questions de novo. *In re Beauchene*, 2008 ME 110, ¶ 7, 951 A.2d 81.

4

[¶7]  Title 15 M.R.S. § 104-A(1) (2014), provides, in relevant part, that the court must order a discharge from DHHS custody "[i]f, after hearing, [it] finds that the person may be . . . discharged without likelihood that the person will cause injury to that person or to others due to mental disease or mental defect." "[M]ental disease or defect" is defined as "those severely abnormal mental conditions that grossly and demonstrably impair a person's perception or understanding of reality."  17-A M.R.S. § 39(2) (2014); *see also Green v. Comm'r of Mental Health & Mental Retardation*, 2000 ME 92, ¶ 27, 750 A.2d 1265 ("Because the release provisions provide no definition of 'mental disease or defect,' we look to the Criminal Code [definition].").

[¶8]  Thus, the only question before the court on the section 104-A(1) discharge petition was whether James presents a danger to himself or others *because of a mental disease or defect*.  *See James*, 2008 ME 122, ¶ 24, 953 A.2d 1152; *see also Green*, 2000 ME 92, ¶ 28, 750 A.2d 1265 (holding that the relevant inquiry is whether the mental disease or defect *exists*, and not whether the acquittee is symptomatic); *In re Fleming*, 431 A.2d 616, 618 (Me. 1981) ("The operative statute requires the presiding justice to . . . determine whether a petitioner is free of mental disease or defect.").  Section 104-A(1) does not require a petitioner to prove a change in circumstances from the time of the not criminally responsible verdict.

[¶9]  Contrary to James's argument, *LaDew* provides no support for the

result he seeks. In that case, a defendant who had been determined not guilty by reason of insanity at a time when "Maine's insanity defense contained both a volitional and a cognitive standard" petitioned to be released after a 1986 amendment to the Criminal Code removed the volitional aspect of the defense. *LaDew*, 532 A.2d at 1052. In affirming the trial court's denial of LaDew's petition, we said:

> Rather one would reasonably expect that to be released under 15 M.R.S.A. § 104-A a BRI acquittee must show (clearly and convincingly) that the mental disease or defect by reason of which he was relieved of criminal responsibility no longer exists, or *at least no longer poses a danger to himself or others if he is released.*

*Id.* at 1053 (emphasis added). More than twenty years later, we applied our holding in *LaDew* to require another petitioner to "prove that he no longer suffered from a mental disease or defect as that term was defined in 1970 *that would likely result in his being a danger to himself or others.*" *In re Beauchene*, 2008 ME 110, ¶ 10, 951 A.2d 81 (emphasis added).

[¶10] Here, the trial court found that James's dangerousness—which still exists—is not the result of a mental disease or defect and that, therefore, DHHS can no longer maintain James in its custody. The evidence supports the court's finding by clear and convincing evidence.

The entry is:

Judgment affirmed.

**On the briefs:**

Harold J. Hainke, Esq., Hainke & Tash, Whitefield, for appellant Michael J. James

Maeghan Maloney, District Attorney, and David M. Spencer, Asst. Dist. Atty., Kennebec County District Attorney, Augusta, for appellee State of Maine

Janet T. Mills, Attorney General, and Laura Yustak Smith, Asst. Atty. Gen., Office of the Attorney General, Augusta, for amicus curiae Office of the Maine Attorney General

Jamesa J. Drake, Esq., Drake Law, LLC, Auburn, for amicus curiae Maine Association of Criminal Defense Lawyers

**At oral argument:**

Harold J. Hainke, Esq., for appellant Michael J. James

David M. Spencer, Asst. Dist. Atty., for appellee State of Maine

Kennebec County Superior Court docket number CV-2008-57
For Clerk Reference Only