MAINE SUPREME JUDICIAL COURT                                 Reporter of Decisions
Decision:     2016 ME 169
Docket:       Ken-16-42
Argued:       September 15, 2016
Decided:      November 22, 2016

Panel:        SAUFLEY, C.J., and MEAD, GORMAN, HJELM, and HUMPHREY, JJ.

LAURIE A. BEAL

v.

STATE OF MAINE

HJELM, J.

[¶1]  Laurie A. Beal appeals from a judgment entered in the Superior Court (Kennebec County, *Alexander, J.*) denying her petition for discharge from the custody of the Commissioner of the Department of Health and Human Services.  Contrary to Beal's contention, the evidence does not compel a finding by clear and convincing evidence that Beal may be discharged without likelihood that she will cause injury to herself or others due to a mental disease or defect.  We therefore affirm.

I.  BACKGROUND

[¶2]  In March 2005, after facing charges of terrorizing and criminal restraint with a dangerous weapon, Beal was found not criminally responsible by reason of mental disease or defect and committed to the custody of the

2

Commissioner of the Department of Health and Human Services. *See* 15 M.R.S.A. § 103 (2003).[1] In October 2015, following a series of placements in several psychiatric facilities, Beal filed a petition for discharge from the custody of the Commissioner of DHHS pursuant to 15 M.R.S. §§ 104-A(1)(B) and 104-A(3) (2015).[2] At that time, she was hospitalized at the Riverview Psychiatric Center.

[¶3] A hearing on the petition was held in January 2016. The court heard testimony from Beal, Beal's sister, a Riverview staff psychiatrist, a Riverview staff psychologist, a forensic psychologist who is also the Director of the State Forensic Service, and a psychologist who examined Beal at her request and reviewed her medical records for purposes of this proceeding. Additionally, the record before the trial court included several written psychological and neuropsychological assessments of Beal that were either

---

[1] Title 15 M.R.S. § 103 has since been amended multiple times, though not in any way that affects this appeal. *See, e.g.*, P.L. 2005, ch. 263, § 1 (effective September 17, 2005) (codified at 15 M.R.S. § 103 (2015)); P.L. 2013, ch. 424, § B-3 (effective July 16, 2013) (codified at 15 M.R.S. § 103 (2015)). Additionally, pursuant to legislation that became effective on July 1, 2004, the term "Department of Behavioral and Developmental Services," which appeared in 15 M.R.S.A. § 103 (2003), was "deemed to refer to . . . the Department of Health and Human Services." P.L. 2003, ch. 689, § B-1 (effective July 1, 2004).

[2] Pursuant to 15 M.R.S. § 104-A(1)(B) (2015), a "discharge" altogether terminates an order committing the petitioner to the custody of the Commissioner of DHHS. A "release," in contrast, falls short of a "discharge," and "means termination of institutional inpatient residency and return to permanent residency in the community" subject to ongoing supervision by DHHS. 15 M.R.S. § 104-A(1)(A) (2015). Beal has made clear that she is seeking a full discharge—rather than a release—from departmental custody.

filed with the court before the hearing pursuant to sections 104-A(1) and (3), or admitted in evidence at the hearing without objection.

[¶4]   After the hearing, the court denied Beal's petition for discharge based on its finding that Beal "remains afflicted with a mental disease or defect that renders her dangerous to herself, to others, and to property."  This appeal followed.

## II.  DISCUSSION

[¶5]   To prevail on her petition, Beal had the burden of proving by clear and convincing evidence—that is, to a "high probability"—that she "may be . . . discharged without likelihood that [she] will cause injury to [herself] or to others due to mental disease or mental defect."   15 M.R.S. § 104-A(1); *see Taylor v. Comm'r of Mental Health & Mental Retardation*, 481 A.2d 139, 149, 154 (Me. 1984).

[¶6]   Whether an insanity acquittee has a mental disease or defect is a factual issue reviewable for clear error, and not, as Beal argues, a legal issue subject to de novo review.  *See Green v. Comm'r of Mental Health & Mental Retardation*, 2000 ME 92, ¶ 30, 750 A.2d 1265; *Roberts v. Comm'r of Mental Health & Mental Retardation*, 562 A.2d 680, 683 (Me. 1989).   We have previously described this issue as a "legal, as opposed to a medical,

4

determination to be made by the court," *Roberts*, 562 A.2d at 683, because the term "mental disease or defect" is a legal *concept* that is not defined or used by medical practitioners, and so courts—as opposed to medical experts—have the ultimate responsibility to determine whether a "mental disease or defect" exists. *See also In re Fleming*, 431 A.2d 616, 618 (Me. 1981) (stating that "medical conclusions concerning mental disease or defect" are not "*determinative* of the question whether the *statutory standard* has been satisfied" (second emphasis added)). The court's inquiry, however, is factual in nature, and may include consideration and weighing of both expert and non-expert evidence. Accordingly, we will affirm a court's determination that a petitioner remains dangerous to herself or others due to a mental disease or defect unless the evidence compels a contrary finding. *See Roberts*, 562 A.2d at 683.

[¶7] Beal acknowledges that the evidence in the record does not compel a finding that she is unlikely to injure herself or others if discharged. She argues, however, that the court erred by finding that she continues to have a mental disease or defect that results in her dangerous behavior.[3]

---

[3] We are unpersuaded by Beal's argument that that the court erred by questioning one of Beal's witnesses and, during summation, Beal's attorney himself about the types of services Beal would require if discharged from the custody of DHHS. Beal herself testified about circumstances she would likely face and the "supports" she would need if she returned to live in the community, and

Because the term "mental disease or defect" is not defined in the release and discharge statute, we look to the definition of that phrase as provided in the Criminal Code. *Green*, 2000 ME 92, ¶ 27, 750 A.2d 1265. There, the phrase "mental disease or defect" is defined as "only those severely abnormal mental conditions that grossly and demonstrably impair a person's perception or understanding of reality." 17-A M.R.S. § 39(2) (2015).

[¶8] The court was not compelled to find that Beal no longer has a mental disease or defect that renders her dangerous to herself or others. The evidence presented to the court included psychiatric testimony that Beal suffers from "acute episodes" when she has "difficulty in fully assessing reality," as exemplified by a recent incident when Beal disrobed, climbed onto a high shelf, punched at the ceiling and light fixtures, told staff members who had gathered at the scene that she could fly, and jumped off the shelf, landing on the staff members below; psychological testimony that Beal suffers from "cognitive distortions . . . [that] can manifest in some impulsivity, poor judgment, and . . . extreme responses to certain situations"; and additional testimony from a forensic psychologist that because of Beal's "personality disorder" and "longstanding encephalopathy," her ability to reason and

those issues were also addressed in the written psychological evaluation filed by the Director of the State Forensic Service. The court's own limited questions on this subject do not constitute error.

correctly assess reality "deteriorates," causing her to become emotionally overwhelmed and confrontational, leading to "oftentimes very dangerous behavior."

[¶9] Additionally, as the court found, although Beal testified that her angry and physically aggressive episodes were a reaction to the conditions at Riverview and not the result of her mental health issues, she had exhibited the same types of behavior after she had been transferred to a different institution.

[¶10] Presented with this evidence, the court was not compelled to find that Beal is free of a "mental disease or defect" as defined by section 39(2), or that her dangerous behavior is unrelated to her mental health issues. Accordingly, the court did not err by denying Beal's petition for discharge.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Rory A. McNamara, Esq., Drake Law, LLC, Lebanon, for appellant Laurie A. Beal

Maeghan Maloney, District Attorney, and David M. Spencer, Asst. Dist. Atty., Kennebec County District Attorney's Office, Augusta, for appellee State of Maine

**At oral argument:**

Rory A. McNamara, Esq., for appellant Laurie A. Beal

David M. Spencer, Asst. Dist. Atty., for appellee State of Maine

Kennebec County Superior Court docket number CV-2005-249
FOR CLERK REFERENCE ONLY