MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:       2017 ME 139
Docket:         Ken-16-407
Submitted
  On Briefs:    May 25, 2017
Decided:        June 27, 2017

Panel:          SAUFLEY, C.J., and ALEXANDER, GORMAN, JABAR, and HUMPHREY, JJ.

MARK I. GESSNER

v.

STATE OF MAINE

PER CURIAM

[¶1]  Mark I. Gessner appeals from a judgment of the Superior Court (Kennebec County, *Marden, J.*) denying his petition for release from the Riverview Psychiatric Center.  Gessner contends that the statute governing his opportunity for release from institutional inpatient residency is unconstitutionally vague as applied to him.  We affirm the judgment.

[¶2]  The record before us is sparse and does not contain any official documentation regarding Gessner's criminal history.  Accordingly, we rely on the court's findings, supported by a Riverview institutional report, for our summary of Gessner's criminal history.

[¶3]  Gessner was convicted of murder in 1995.  While serving his sentence for that crime, he pleaded guilty to an assault in 2000, he was

charged with assault on an officer and criminal mischief in 2004, and he was charged with aggravated assault and trafficking in prison contraband in 2010. In 2011, Gessner was found not criminally responsible by reason of insanity for the 2010 charges, *see* 17-A M.R.S. § 39 (2016), and the court (*Hjelm, J.*) committed him to the custody of the Commissioner of Health and Human Services, *see* 15 M.R.S. § 103 (2011).[1]

[¶4]  Gessner was ultimately transferred to Riverview on February 20, 2016, as a result of that commitment.[2]  He filed a petition for release one month after he arrived at Riverview, on March 21, 2016.  As amended, Gessner's petition requested full or modified release.

[¶5]  The court (*Marden, J.*) held an evidentiary hearing on Gessner's petition for release in July 2016.  Based on the evidence presented, the court found that Gessner has been diagnosed with multiple mental illnesses since

---

[1]  We cite the 2011 version of section 103 because the statute has been amended since that time. *See* P.L. 2013, ch. 424, § B-3 (effective July 16, 2013) (codified at 15 M.R.S. § 103 (2016)); P.L. 2011, ch. 542, § A-10 (effective Mar. 20, 2012).

[2]  Effective October 9, 2013, the Legislature clarified the law to provide that a person serving a term of imprisonment who is found not criminally responsible by reason of insanity "must first serve the undischarged term of imprisonment or the unsuspended portion of the split sentence before commencing the commitment."  15 M.R.S. § 103-A(2) (2016); *see* P.L. 2013, ch. 265, § 4. Gessner was found not criminally responsible in 2011, before this statute took effect.  Although the transfer may have occurred at the end of his sentence, it appears unlikely that Gessner would have received the maximum "good time" calculation, and there is nothing in the record that explains why his transfer to Riverview occurred five years after the entry of the commitment order and twenty-two years into his thirty-year murder sentence.

1993, including reactive psychosis, depression with psychotic features, schizophrenia, auditory hallucinations, and delusional ideation. He has a history of refusing medication, both in prison and at Riverview, and does not consider himself to be mentally ill. In the brief period that he has been at Riverview, Gessner has not participated in the counseling recommended by his primary provider, he yells loudly and angrily, and he swears and slams doors.

[¶6] Faced with very little evidence of any improvement in Gessner's illness and with evidence of Gessner's own resistance to treatment after twenty-two years in a prison environment, the court was not persuaded that the Riverview staff would be fully capable of supervising Gessner in a transition into the community. The court found that Gessner had not met his burden to establish that it was highly probable that he could be released, either fully or on a modified basis, without likelihood that he would cause injury to himself or others due to mental disease or mental defect. *See* 15 M.R.S. § 104-A(1), (2), (3) (2016); *Beal v. State*, 2016 ME 169, ¶ 5, 151 A.3d 502; *see generally Green v. Comm'r of Mental Health & Mental Retardation*, 2000 ME 92, 750 A.2d 1265.

4

[¶7]  Gessner timely appealed from the judgment, arguing only that the statute governing release, 15 M.R.S. § 104-A (2016), was unconstitutionally vague.  *See* 15 M.R.S. § 2115 (2016); M.R. App. P. 2.  Because Gessner did not raise the vagueness issue to the trial court, we review for obvious error, which requires a showing "that there is (1) an error, (2) that is plain, and (3) that affects substantial rights.  Even if these three conditions are met, we will set aside a [judgment] only if we conclude that (4) the error seriously affects the fairness and integrity or public reputation of judicial proceedings."  *State v. Sexton*, 2017 ME 65, ¶ 36, --- A.3d --- (citation omitted) (quotation marks omitted); *see State v. Preston*, 2011 ME 98, ¶ 7, 26 A.3d 850.

[¶8]  We test Gessner's vagueness challenge "in the circumstances of the individual case and considering whether the statutory language was sufficiently clear" to give him adequate notice of the requisites for his release. *State v. Reckards*, 2015 ME 31, ¶ 4, 113 A.3d 589 (quotation marks omitted). Section 104-A requires consideration of whether "the person may be released or discharged without likelihood that the person will cause injury to that person or to others due to mental disease or mental defect."  15 M.R.S. § 104-A(1).

[¶9]  We are not persuaded, on this record, that the statutory language is unconstitutionally vague.  The trial court's judgment provided Gessner with an explanation of how he failed to satisfy the statutory requirements—specifically, the court found that Gessner has not acknowledged his mental illness or participated meaningfully in treatment, as advised by his primary care provider, to address his explosiveness and adjust to life outside of prison.  Considering Gessner's history of mental illness and violence, and his refusal to acknowledge his mental illness or to participate in treatment, the statute's terms are not vague for purposes of addressing the individual circumstances at issue here.  *See Reckards*, 2015 ME 31, ¶ 4, 113 A.3d 589.  Gessner has not met his burden of demonstrating that the court committed obvious error.  *See Dorr v. Woodard*, 2016 ME 79, ¶ 7, 140 A.3d 467 (explaining that the burden is on the person challenging the constitutionality of a statute to establish its infirmity).

The entry is:

Judgment affirmed.

Rory A. McNamara, Esq., Drake Law, LLC, Berwick, for appellant Mark I. Gessner

Maeghan Maloney, District Attorney, Carie James, Asst. Dist. Atty., and Mary-Ann Letourneau, Stud. Atty., Prosecutorial District IV, Augusta, for appellee State of Maine

Kennebec County Superior Court docket number CR-2016-60
FOR CLERK REFERENCE ONLY