PER CURIAM
[¶ 1] Jason Begin appeals from a judgment of the Superior Court (Kennebec County, Stokes, J. ) denying his petition for release and discharge from the custody of the Commissioner of Health and Human Services pursuant to 15 M.R.S. § 104-A (2017). Begin argues that the court erred as a matter of law when it determined that Begin failed to prove that he "may be released or discharged without likelihood that [he] will cause injury to [himself] or to others due to mental disease or mental defect." See 15 M.R.S. § 104-A(1). We disagree and affirm.
[¶ 2] In support of his contention, Begin cites to a case where we stated that "[t]he acquittee must establish either that (1) 'the mental disease or defect by reason of which he was relieved of criminal responsibility no longer exists,' or (2) he 'no longer poses a danger to himself or others if he is released' despite any continuing mental illness." Beauchene v. State , 2017 ME 153, ¶ 6, 167 A.3d 569 (quoting Green v. Comm'r of Mental Health & Mental Retardation , 2000 ME 92, ¶ 27, 750 A.2d 1265 ); see also LaDew v. Comm'r of Mental Health & Mental Retardation , 532 A.2d 1051, 1054-55 (Me. 1987). According to Begin, the court should have granted his petition because the experts who testified at his hearing agreed that he does not currently have schizophrenia, the diagnosis that served as the basis for the finding of not criminally responsible in 2004.
[¶ 3] Contrary to Begin's argument, our focus in Beauchene and LaDew was on the legal definition of "mental disease or defect"-not the medical diagnoses that contributed *129 to a finding of mental disease or defect. See Beauchene , 2017 ME 153, ¶ 10, 167 A.3d 569 ; LaDew , 532 A.2d at 1054-55. We have never held that an acquittee is entitled to release or discharge if he proves that the specific mental diagnosis by which he was found to have a mental disease or defect no longer exists. Accordingly, the court applied the correct standard when it denied Begin's petition for release and discharge.[1]
The entry is:
Judgment affirmed.

We are not persuaded by Begin's additional contention-that the court erred when it reviewed and relied on reports that were filed with the court. See 15 M.R.S. §§ 101-D, 104-A (2017).